■ Angela Tese-Milner, as Trustee of Howard C. Friedman, et al., Respondents, v 30 East 85th Street Company, Respondent, and 30 East 85th Street Condominium Associates, Appellant, et al., Defendant. [873 NYS2d 905]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 10, 2008, which, to the extent appealed from as limited by the briefs, denied defendant 30 East 85th Street Condominium Associates' motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

Defendant moved for summary judgment dismissing the complaint on the ground that the sidewalk defect that allegedly caused plaintiff's accident was so trivial as to be nonactionable (see Trincere v County of Suffolk, 90 NY2d 976 [1997]). After examining all "the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstances of the injury" (Trincere at 978 [internal quotation marks and citation omitted]), the court correctly found that an issue of fact was presented. The photographs, which show a depressed area with a rough, uneven surface, do not unequivocally show a defect that is trivial. Plaintiff's expert stated that the defect measured more than three-quarters of an inch deep, more than seven inches long, and approximately four inches wide, and opined that it was unsafe and could cause a pedestrian to trip. The court properly considered the expert's affidavit, in which, contrary to defendant's contention, the expert stated that his conclusion that the defect had existed for a considerable time before the accident occurred was based on his comparison of the sidewalk condition

during his inspection of the site and the condition as shown in photographs taken immediately after the accident. Concur— Friedman, J.P., Gonzalez, Sweeny and McGuire, JJ.