■ INESSA CAFARELLA et al., Respondents, v 2180 REALTY CORP., Appellant, and J.L.F. HOME IMPROVEMENT, INC., Respondent, et al., Defendant. [958 NYS2d 92]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered May 21, 2012, which denied defendant 2180 Realty Corp.'s motion for summary judgment dismissing the claims asserted against it or, alternatively, for common-law indemnification against defendant J.L.F. Home Improvement, Inc., unanimously affirmed, without costs.

Plaintiff Inessa Cafarella alleges that, while carrying the infant plaintiff, she tripped and fell over a brown or tan colored cement bag, about seven inches high and 16 inches wide, which was covered in gray dust, while entering the lobby of her apartment building. Plaintiff testified that this bag was being used to prop open the vestibule door and was placed on the floor, which was comprised of brown, gray and tan tiles, directly in front of the door.

Given plaintiff's description of the cement bag and its location, 2180 Realty Corp. failed to make a prima facie showing that the alleged condition was "open and obvious" and not

inherently dangerous (*see Lawson v Riverbay Corp.*, 64 AD3d 445 [1st Dept 2009]; *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 71-72 [1st Dept 2004]).

In the absence of any cross claim for indemnification, no grounds exist upon which to grant 2180 Realty Corp. that relief (*see Hughey v RHM-88, LLC*, 77 AD3d 520, 523 [1st Dept 2010]).

We have considered 2180 Realty Corp.'s remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.