Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered December 18, 2012, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that she slipped and fell as she descended the stairs in the apartment building in which she lived. According to plaintiff, defendants’ worker had recently mopped the staircase and did not place any cones or warning signs to alert people to the wet condition of the stairs. Furthermore, the worker did not warn plaintiff of the wet stairs when she passed him in the hallway on her way to the stairwell. Under these circumstances, defendants failed to establish as a matter of law that sufficient warning of the condition of the stairs was provided. Contrary to the motion court’s finding, it cannot be stated that the mere presence of defendants’ worker in the hallway outside the stairwell with a mop and bucket constituted sufficient warning to others that the staircase had just been mopped and the stairs were wet. The record shows that the worker was simply standing in the hallway and not mopping, and the hallway floor was not wet. There were also no warning cones in the hallway before the entrance to the stairwell, as was defendants’ standard practice, and plaintiff did not detect the odor of any floor cleaner that would have made her suspect that the staircase had just been mopped (compare Rivero v Spillane Enters., Corp., 95 AD3d 984 [2d Dept 2012]).
Defendants’ contention that the wet stairs constituted an open and obvious hazard or danger obviating the duty to warn is unavailing. A finding that a condition is open and obvious requires that the condition “be of a nature that could not reasonably be overlooked by anyone in the area whose eyes were open” (Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 71 [1st Dept 2004]). Moreover, although some hazards may be “technically visible,” if their “nature or location” makes them “likely to be overlooked,” then the facts do not compel the conclusion that such hazards or conditions are open and obvious (id. at 72). Here, plaintiff testified that the lighting in the stairwell over the steps was dim, and defendants’ superintendent confirmed that there was no light provided over the steps, *504 but only over the landings. Accordingly, since the liquid or wetness on the steps was of a transparent nature, and the illumination of the steps upon which plaintiff slipped was dim, and there is no evidence establishing that plaintiff actually knew that the steps were wet or had just been mopped, it cannot be said as a matter of law that the wet condition of the stairs was open and obvious (see e.g. Cafarella v 2180 Realty Corp., 102 AD3d 404 [1st Dept 2013]). Concur — Acosta, J.E, Andrias, Saxe, Freedman and Feinman, JJ.