Keech v 30 E. 85th St. Co. (2019 NY Slip Op 05223)





Keech v 30 E. 85th St. Co.


2019 NY Slip Op 05223


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9776 155081/13

[*1]Sally Keech, Plaintiff-Respondent,
v
30 East 85th Street Company, et al., Defendants, 30 East 85th Street Condominium Associates, et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (John B. Martin of counsel), for appellants.
Appell & Parrinelli, New York (John J. Appell of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered October 4, 2018, which denied the motion of defendants 30 East 85th Street Condominium Associates and Wallack Management for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
Defendants failed to establish prima facie entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she tripped and fell over a hole or indentation in the sidewalk abutting defendants' building. Defendants failed to show that the defect, which was about three inches wide and one-foot long, was open, obvious, and not inherently dangerous (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 72 [1st Dept 2004]), particularly since the accident occurred at night, when it was dark outside (see Soto v 2780 Realty Co., LLC, 114 AD3d 503 [1st Dept 2014]; see also Mauriello v Port Auth. of N.Y. & N.J., 8 AD3d 200 [1st Dept 2004]).
Defendants also failed to show that the defect, as described by plaintiff and shown in the photographs, was trivial as a matter of law (see Trincere v County of Suffolk, 90 NY2d 976 [1997]; Tese-Milner v 30 E. 85th St. Co., 60 AD3d 458 [1st Dept 2009]). Furthermore, the defect was obscured from plaintiff's view due to the poor lighting conditions along the sidewalk at the time of her accident (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 78 [2015]).
We note that the Tese-Milner decision involved a pedestrian fall at the same location approximately ten years earlier. The evidence plaintiff submitted from that case in opposition to defendants' motion is probative on the issue of whether the defect was dangerous, given that plaintiff averred that the defect depicted in the photographs from that case appeared to be the same as the defect that caused her accident (see e.g. Daniels v City of New York, 291 AD2d 269 [1st Dept 2002]; Martin v Our Lady of Wisdom Regional Sch., 151 AD3d 838 [2d Dept 2017]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK