C. K. S. INC., Respondent, *v.* HELEN BORGENICHT SPORTSWEAR, INC., Appellant.

First Department, March 31, 1966.

*William L. Shumate* of counsel (*Millard N. Bush,* attorney), for appellant.

*Martin M. Baxter* of counsel (*Allen M. Taylor,* attorney), for respondent.

*Per Curiam.* Plaintiff operates a retail store in Worcester, Massachusetts. Sometime in July, 1957, a Mrs. Israel purchased a blouse in the store. About a month later, Mrs. Israel, while wearing the blouse, approached the stove in her kitchen. The blouse caught fire and she was subjected to extensive burns. Claiming that the blouse was made of material unusually susceptible to heat, she brought an action against the plaintiff. Plaintiff, claiming that it purchased the blouse from defendant, gave the latter notice of the claim and asked that defendant assume the defense. Defendant declined. Thereafter plaintiff settled the action for $32,000. This suit is to recover that amount, plus counsel fees. A jury rendered a verdict for the defendant. The court set it aside as against the weight of the evidence.

The theory of the action is that defendant, having sold the blouse to plaintiff under the same implied warranty of fitness under which plaintiff sold to its customer, by operation of law became an indemnitor. An indemnitor by operation of law who receives notice of a claim ceases to be a stranger to the action, whether he undertakes the defense or not, and, subject to certain limitations, becomes bound by the outcome (*Hartford Acc. & Ind. Co.* v. *First Nat. Bank,* 281 N. Y. 162).

Whether or not defendant was an indemnitor depended in the first instance on whether or not it sold the blouse in question to plaintiff.* The question was sharply contested. The destruction of the blouse and the absence of any documentary proof

---

* A secondary question would be whether the blouse was in the same condition when plaintiff sold it as it was when defendant sold it, but this question, though raised, was not the subject of any proof.

identifying the particular blouse that was involved prevented a conclusive demonstration on this point. Plaintiff relied on certain similarities between the blouse as described by the customer and those it purchased from defendant. Defendant relied particularly on the fact that all blouses it sold to plaintiff were made of ordinary cotton. For two reasons this was important. It differed from the description of the material as given by Mrs. Israel. It was further proved that ordinary cotton is not unusually inflammable.

The testimony to support defendant's contentions would, for other purposes, not be admissible. If it were conceded or conclusively established that the blouse had been sold by defendant to plaintiff, defendant would not be in a position to contest liability by virtue of the quality of the blouse (*Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550, 556). But for the purpose of establishing that defendant did not sell the blouse in question, the evidence had probative value and was competent.

Nor would we say that the verdict so arrived at by the jury was against the weight of the evidence. It is true that the restrictive effect of this testimony was not presented to the jury in specific terms but plaintiff must bear the responsibility for this. Instead of relying on a theory of indemnity, plaintiff presented its proof as if it were an assignee of the injured person. Plaintiff did not except to any of the charge and originally made no requests. Later, plaintiff did request a charge that if the settlement was made in good faith the defendant was bound by it. The court denied the request to charge as having already been covered and plaintiff accepted this disposition. Had the subject been adequately presented, or even had the plaintiff made its position clear as to the purpose of the request, we might well be inclined to regard the refusal of the request as prejudicial error which would entitle plaintiff to have the verdict vacated as being based on an erroneous premise. However, neither then nor when the verdict was taken did plaintiff indicate wherein it conceived that the court was in error. Nor was the verdict set aside on any such grounds.

On the grounds that it was set aside, the ruling was erroneous. There was a clear-cut issue which the jury decided on testimony which did not preponderate against the decision.

The order setting aside the verdict should be vacated, on the facts and the law, and the verdict reinstated, with costs and disbursements to appellant.

BOTEIN, P. J., BREITEL, RABIN, STEVENS and STEUER, JJ., concur.

Order, entered on October 25, 1965, unanimously reversed, on the law and on the facts, with $50 costs and disbursements to the appellant, plaintiff's motion to set aside the jury's verdict denied, and the verdict reinstated.