OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial granted, limited to the issue of liability only, with costs to abide the event.
During the trial two of the plaintiffs’ witnesses, over the objection of the defendant, were permitted to testify that six years prior to the accident in issue there had been another accident between a train and an automobile at the same intersection. This testimony would be admissible only if it is shown that the relevant conditions of the prior accident and the accident at issue were substantially the same (Flansberg v Town of Elbridge, 205 NY 423, 431; Richardson, Evidence [10th ed], § 196).
Seeking to circumvent this rule, plaintiffs argue that this requirement of substantial similarity was satisfied simply because the proof established that "the approach” to the grade crossing was "in substantially the same condition” at the time of both accidents. However, defendant introduced no proof as to what the other conditions were at the time of the prior accident. The accident involving the plaintiff occurred in broad daylight whereas the prior accident occurred at night. There was no proof as to the speed of the approaching train at the time of the prior accident, whether or not the crossing whistle or bell were sounded, what the operator of the vehicle did or did not do before crossing the tracks, the direction or the speed of that vehicle. In short, the only similarity between the two accidents was apparently their occurrence at the same grade crossing. Neither of the witnesses recalled any of the circumstances surrounding the prior accident and thus there was no showing the relevant conditions were the same or substantially the same.
Defendant’s motion to strike this testimony should have been granted.
*998 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.