OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff, who was seriously injured in an automobile accident, alleges, among other things, that the cause of his injuries was the negligence of the county in that it allowed rotten delineator posts to become covered with foliage and *929 hidden from view along the highway. There was testimony from which a jury could conclude that the delineator posts served no useful purpose, but instead constituted a hazard to passing motorists. In fact, various occupants of the automobile testified that as it left the roadway, it became entangled in the posts and connecting fence, which caused the car to be propelled down the embankment.
On this appeal, the defendant County of Rensselaer argues that the trial court erred in allowing proof that a prior accident had occurred at the same place as this accident, without requiring a showing that the relevant conditions of the two accidents were the same. Further, defendant argues that the trial court erred in dismissing as a matter of law all claims against Niagara Mohawk.
It is well settled that proof of a prior accident, whether offered as proof of the existence of a dangerous condition or as proof of notice thereof, is admissible only upon a showing that the 1 ¿levant conditions of the subject accident and the previous one were substantially the same. However, testimony was permitted during the trial over defendant’s objection, from a New York State trooper that he had been present at the scene of another accident at the same location in 1973, at which time he observed its physical condition. The trial court concluded that this evidence was admissible to show the condition of the road shoulder and delineator posts on the issue of constructive notice. To the extent that the defendant believed the testimony impermissibly introduced details of the prior accident, its obligation was to request limiting instructions (C.K.S. Inc. v Borgenicht Sportswear, 25 AD2d 218; PJI 1:65). This it did not do.
Moreover, while we cannot, as did the Appellate Division, characterize this testimony as “entirely proper”, we decline to hold that its introduction is cause for reversal. A Trial Judge necessarily is vested with broad discretion to determine the materiality and relevance of proposed evidence, and we cannot say as a matter of law on these facts that here this discretion was abused, or that there was such prejudice as to call for a reversal.
Finally, we agree that the trial court properly dismissed all claims against Niagara Mohawk. Although liability may *930 result from the placement of utility poles in such a position that they constitute an unreasonable danger to highway travelers, the utility pole in question, under the existing road conditions, was sufficiently distant from the lane of travel to support the determination, as a matter of law, that it was not a hazard or a proximate cause of plaintiff’s injuries.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.