■ ROBERT L. GINTER et al., Appellants, v TRANS WORLD AIRLINES, INC., Respondent.—Kane, J. P. Appeal from an order of the Supreme Court (Crew, III, J.), entered February 10, 1988 in Chemung County, which granted defendant's motion to set aside a verdict in favor of plaintiffs, and ordered that judgment be entered in favor of defendant.

Plaintiff Barbara L. Ginter (hereinafter plaintiff) was injured while riding as a passenger aboard defendant's Lockheed 1011 on a flight from New York to California when a fellow passenger opened a storage compartment for carry-on luggage directly above plaintiff's seat, causing a suitcase to fall and strike plaintiff's right hand as it rested on a tray table.

Both plaintiff and her husband commenced this action contending that defendant was negligent in permitting the storage of luggage of the type that injured plaintiff in overhead compartments, failing to ascertain that such luggage was securely stowed, failing to inspect the compartments, failing to warn passengers of potential danger, and violating their own rules and regulations relating to the duties, numbers and responsibilities of flight attendants in such matters and in the carriage of cargo in general. After trial, a jury found in favor of plaintiffs and awarded money damages. Upon motion of defendant, Supreme Court set the verdict aside on the ground of failure of proof of any negligence on the part of defendant which was a proximate cause of plaintiff's injuries (CPLR 4404 [a]). This appeal by plaintiffs ensued.

We affirm. The evidence presented by plaintiffs included proof that there is no custom in the industry as to what is permitted or not permitted to be placed in overhead compart-

ments as long as Federal Aviation Administration (hereinafter FAA) requirements as to size are complied with and the total weight in a compartment does not exceed 40 pounds. Obvious heavy items such as garment bags and bowling bags would not be permitted to be stored by passengers after boarding. Evidence was presented that an announcement as to the storage of items is made by the flight attendants before takeoff and it is the attendant's responsibility to check to ensure that overhead compartment doors are latched and secured at the time seatbelts are checked. On the particular flight in question, there were 255 passengers on board with 10 flight attendants. Although the labor contract in effect required 11 flight attendants for that number of passengers, or the payment of a penalty, FAA regulations required only six attendants. It was plaintiffs' contention, however, that at the time they boarded the aircraft on the date of the accident, there was no announcement by any attendant regarding the storage of baggage and, additionally, no flight attendant monitored or assisted passengers with the storage of carry-on baggage. Evidence revealed that after the accident, an attendant stated that two weeks previously a suitcase had fallen out of one of the compartments and had broken a woman's nose. Accordingly, plaintiffs contend that defendant had notice of a dangerous condition and its failure to act in a reasonable manner constituted negligence and that it otherwise failed to act in conformity with customs and standards in the industry.

However, in our view, the record does not demonstrate the breach of any duty owed by defendant to plaintiff which was a proximate cause of plaintiff's injury. The evidence presented showed that it was defendant's duty to observe that passengers were stowing their baggage in a reasonable manner, to provide assistance, as requested, and to make a visual check to assure that compartment doors were closed on takeoff. That duty did not include opening compartments to examine the contents thereof. Moreover, there was no evidence as to the weight of the suitcase which fell upon plaintiff's hand, other than her own description of how it felt. There was proof that the suitcase did comply with FAA regulations as to size. As to the prior incident of an object falling and breaking a woman's nose, there was no evidence to establish that the relevant conditions were the same at both times, and thus this was insufficient to establish a dangerous condition or proof of notice *(see, Hyde v County of Rensselaer,* 51 NY2d 927). We conclude that Supreme Court was correct in its conclusion that, as a matter of law, plaintiffs failed to establish negli-

gence on the part of defendant and that there is no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Order affirmed, without costs. Kane, J. P., Mercure and Harvey, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

Plaintiff was injured by the fall of a bag described variously as 4 to 5 inches by 12 inches by 15 inches by plaintiff and 4 to 5 inches by 12 to 15 inches by 20 to 21 inches by her husband, an engineer. Plaintiff said it was as heavy as a concrete block. Since plaintiffs prevailed at trial, we are bound to view the evidence here in a light most favorable to them *(see, Hill v St. Clare's Hosp.,* 67 NY2d 72, 82). If the evidence permits a view thereof that the verdict reached by the jury is not utterly irrational, a court may not conclude as a matter of law that the verdict is not supported by the evidence *(Cohen v Hallmark Cards,* 45 NY2d 493, 499).

The evidence here was sufficient to allow the jury to find that defendant acted negligently and that defendant's negligence proximately caused plaintiff's injuries. Supreme Court, in charging the jury, appropriately instructed the jury that custom of the industry is helpful in determining whether defendant acted reasonably. The charge noted that custom, if established, may be considered in connection with the jury's appraisal of the care exercised by defendant, but that it is not a conclusive or controlling test. The essential question is whether defendant acted with reasonable care under all the circumstances in this case. The jury found it did not.

The evidence here is such that the jury could reasonably conclude that bulging, overstuffed overhead compartments constitute an obvious danger to the passengers seated below. Such danger may be exacerbated by the configuration of the overhead compartments where, as here, the top part extends further out than the lower part. A witness testified that when the bin was opened by another passenger, the bag, which was not laid flat but was, because of its size, standing upright, flew out and struck plaintiff.

The danger to passengers in such a scenario is obvious and foreseeable. Heavy items, and even lighter ones such as briefcases but with hard sides, foreseeably can do great harm. Carry-on luggage, according to airline custom as testified to by

two airline employees, was to be stored below passengers' seats. This is a reasonable rule to avoid injury from falling items made dangerous because of their heft or because of the hardness of their composition. The bag in question was a carry-on bag of sufficient weight to cause damage. The jury could have concluded that defendant's failure to insist on its storage beneath the seats violated the standard of reasonable care. The failure to announce, as custom required, that carry-on cases should be stored below seats may have also constituted a lack of reasonable care on defendant's part. Finally, the absence of a flight attendant, on the side where plaintiff sat, to supervise safe storage of items by passengers could also constitute, in the jury's view, a lack of reasonable care which proximately caused plaintiff's injuries.

Accordingly, we believe that the verdict of the jury in favor of plaintiffs should not have been set aside.