■ GAIL O. DUKES et al., Respondents, v 800 GRAND CONCOURSE OWNERS, INC., Appellant, and SUMMIT WATERPROOFING & RESTORATION CORP., Respondent. 800 GRAND CONCOURSE OWNERS, INC., Third-Party Plaintiff-Appellant, v SUMMIT WATERPROOFING & RESTORATION CORP., Third-Party Defendant-Respondent. [603 NYS2d 138] —Order and judgment (one paper), Supreme Court, Bronx County (Hansel McGee, J.), entered June 9, 1992, which, upon a jury verdict against defendant

800 Grand Concourse Owners, Inc., *inter alia,* awarded plaintiff $1,000,000 for pain and suffering prior to reduction pursuant to CPLR article 50-B, unanimously modified, on the law, the facts and in the exercise of discretion without costs and disbursements and a new trial ordered solely on the issues of damages, unless plaintiff within (20) days after service upon her attorney of a copy of the order to be entered herein, with notice of entry, serves and files in the office of the Clerk of the trial court a written stipulation consenting to reduce the total jury verdict in favor of plaintiff to the principal amount of $248,000, and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and disbursements.

Plaintiff sustained personal injuries to her body when a portion of the living room ceiling of her 6th floor cooperative apartment collapsed on her. Defendant-appellant building owner's contentions that the trial court improperly admitted evidence of purported, unrelated leaks and other defective conditions in the building's roof and that the court erred in its charge on damages, are not preserved for appellate review as a matter of law, and we decline to review them *(see, Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases],* 188 AD2d 214, 225-226, *lv granted sub nom. Dudick v Keene Corp.,* 81 NY2d 707). In any event, proof of prior roof leakage affecting other units in the building was admissible to show both existence of the dangerous condition of a deteriorating roof that needed replacement and defendant-appellant's notice thereof *(see, Hyde v County of Rensselaer,* 51 NY2d 927; *cf., Christoforou v Lown,* 120 AD2d 387, 390).

We do, however, find that the jury's award of $400,000 for past pain and suffering and $600,000 for future pain and suffering deviates materially from what would be reasonable compensation (CPLR 5501 [c]). Accordingly, we direct a new trial as to damages unless plaintiff stipulates to a reduction of the verdict indicated above. Concur—Murphy, P. J., Sullivan, Kupferman and Asch, JJ. [As amended by order entered Feb. 8, 1994.]