■ CATHERINE MARSHALL et al., Respondents, v TOWN OF RIVERHEAD et al., Respondents, and COUNTY OF SUFFOLK, Appellant. [699 NYS2d 292] —In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 10, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Appellant-Respondent. [699 NYS2d 445] —In an action to recover damages for personal injuries, etc., the plaintiffs Catherine Marshall and Mac Marshall and the plaintiff Deborah Mangano separately appeal, as limited by their respective briefs, from so much of an interlocutory judgment of the Supreme Court, Suffolk County (Dunn, J.), entered October 23, 1998, as, upon a jury verdict, adjudged, in effect, that the defendant County of Suffolk was not at fault in the happening of the accident, and the County of Suffolk cross-appeals, as limited by its brief, from so much of the same interlocutory judgment as, adjudged, in effect, that the plaintiff Deborah Mangano was not at fault in the happening of the accident. The plaintiffs Catherine Marshall and Mac Marshall and the plaintiff Deborah Mangano separately appeal, as limited by their respective briefs, from so much of a judgment of the same court, entered November 13, 1998, as dismissed their complaint insofar as asserted against the defendant County of Suffolk, and the defendant Alfred D. Hunter, as Administrator of the Estate of Lynn Ann Hunter, separately appeals, as limited by his brief, from so much of the same judgment as dismissed his cross claims insofar as asserted against the defendant County of Suffolk, and the defendant County of Suffolk cross-appeals from the same judgment.

Ordered that the appeals and cross appeals from the interlocutory judgment are dismissed, without costs or disbursements; and it is further,

Ordered that the appeal by the defendant County of Suffolk from the judgment is dismissed, without costs or disbursements, as that defendant is not aggrieved by the judgment (*see,* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from by the plaintiffs and the defendant Alfred D. Hunter, without costs or disbursements.

The appeals and cross appeals from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals and cross appeals from the interlocutory judgment are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the plaintiffs' contention, the trial court properly precluded evidence of prior automobile collisions at the subject intersection, because the plaintiffs failed to establish that the prior accidents occurred under substantially the same conditions as the accident at issue (*see, Hyde v County of Rensselaer,*

51 NY2d 927, 929; *see also, Gilliard v Long Is. R. R. Co.,* 45 NY2d 996; *Klatz v Armor El. Co.,* 93 AD2d 633, 637).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Thompson, Sullivan and Friedmann, JJ., concur.