■ MELVINA MCGREW, Respondent, v V.V. BLDG. CORP., Appellant. [761 NYS2d 43] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about July 8, 2002, which, in an action for personal injuries sustained when plaintiff was struck by a wooden board that fell from an awning or sign over a vacant office in defendant's building, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant's motion for summary judgment was properly denied for failure to show, prima facie, that it ever inspected the awning or sign since purchasing the building almost two years before the accident, or that reasonable periodic inspections of the awning and sign would not have prevented the accident (*see* 85 NY Jur 2d, Premises Liability §§ 51-59). This initial burden was not satisfied by defendant's showing that it never altered the awning or sign and never received any complaints about them. We also note the evidence that the front gate was in a state of disrepair, raising an issue as to whether defendant should have concluded that other structures attached to the premises were also in disrepair (*see id.* § 51), and that defendant's replacement of the building's facade was planned prior to the accident. Defendant's claim that such work was done only for cosmetic reasons raises an issue of credibility. We reject defendant's argument that it is entitled to summary judgment because of plaintiff's failure to specify the particular defect in the awning or sign that caused the wooden board to fall (*see Winegrad v New York Univ. Med. Ctr.* 64 NY2d 851, 853 [1985]).

We decline plaintiff's request to search the record for the purpose of granting her summary judgment as to liability on the theory of res ipsa loquitur. Concur—Mazzarelli, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.