■ MATTHEW KANE, Respondent, v TRIBOROUGH BRIDGE & TUNNEL AUTHORITY, Appellant. [883 NYS2d 545]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Saitta, J.), entered February 6, 2008, which, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, upon a jury verdict finding it 100% at fault in the happening of the accident, and upon a stipulation in which the parties agreed that the plaintiff sustained damages in the sum of $3,500,000, is in favor of the plaintiff and against it in the principal sum of $3,500,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the verdict on the issue of liability is supported by legally sufficient evidence and was not contrary to the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The trial court providently exercised its discretion in permitting the plaintiff to introduce into evidence a report of a study of the effectiveness of "Nelson" studs conducted by the Oregon State Highway Division after the defendant's counsel "opened the door" to it by suggesting in her opening statement that there was no empirical evidence to support the plaintiff's expert's opinion that the studs on the Marine Parkway Bridge were no longer effective because they were worn down (*see People v Massie*, 2 NY3d 179, 185 [2004]; *People v Rojas*, 97 NY2d 32, 39 [2001]; *Feblot v New York Times Co.*, 32 NY2d 486, 498 [1973]).

The Supreme Court providently exercised its discretion in admitting proof of a prior accident that occurred in 1993 in the same location under substantially similar conditions (*see Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]; *cf. Kaplan v City of New York*, 6 AD2d 489, 491 [1958]).

The defendant's remaining contentions are without merit or do not require reversal. Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.