■ HANOVER INSURANCE COMPANY, as Subrogee of LOUIS GLICK, Respondent, v DAVID ANDREW KRIVINE et al., Appellants. [941 NYS2d 145]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 7, 2010, after a jury trial, adjudging that plaintiff is the owner of the subject diamond and ordering non-party Gemological Institute of America (GIA) to release the diamond to plaintiff, unanimously affirmed, with costs.

The verdict was not against the weight of the evidence. The jury reached its finding that the 2001 Glick diamond and the 2005 Krivine diamond are the same diamond based on a fair interpretation of the evidence which showed that the two submissions to the GIA were identical in color, style, and clarity, had the same scratch on the surface, as well as the same cloud and feather inside the stone (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The fact that the GIA's reports on the two submissions showed a .03 millimeter difference in depth did not

preclude the jury's verdict. Plaintiff's witnesses explained that the GIA's measurements had a margin of error of .02 millimeters per measurement which could result in a difference of up to .04 millimeters, and the actual difference in depth falls within that range.

The trial court, which "is vested with broad discretion to determine the materiality and relevance of proposed evidence" did not abuse its discretion in permitting plaintiff to introduce evidence that Ourel Golan was defendant Mimouni's nephew (*Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]).

Defendants failed to preserve their argument that plaintiff's cause of action is time-barred and thus, it is not properly before this Court. Were we to review this argument, we would find it without merit. Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.