■ DANIEL SERVELLI, Appellant, v COUNTY OF WESTCHESTER, Respondent, et al., Defendants. [979 NYS2d 540]—

The plaintiff was injured when he was involved in a multi-car accident on the Central Westchester Parkway (hereinafter the Parkway). The accident occurred after a tractor trailer, belonging to the defendant Mako Transport, Inc., and driven by the defendant Frank Singh, struck an overhead pedestrian bridge. The plaintiff commenced this action against, among others, the County of Westchester (hereinafter the County), alleging, inter alia, that the County was negligent in allowing over-sized trucks on the Parkway and in failing to have clear signs on the Parkway indicating that overhead clearance on the Parkway was limited.

The County established, prima facie, that it lacked actual notice of the allegedly dangerous condition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, under the particular circumstances of this case, including the County's submission of evidence of multiple prior accidents at the same location, the County failed to establish, prima facie, that it lacked constructive notice of the allegedly dangerous condition (*see Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]; *Kane v Triborough Bridge & Tunnel Auth.*, 64 AD3d 544, 545 [2009]; *Sideris v Town of Huntington*, 240 AD2d 652 [1997]). Since the County failed to meet its prima facie burden, its motion should have been denied without considering the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court erred in granting the County's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.