■ ALEXIS CASTANO, Respondent, v DANIEL J. WYGAND et al., Appellants, and ANA C. VILLAGRAN et al., Respondents. EDWARD

A. Nieto, Respondent, v City of New York et al., Appellants. [997 NYS2d 36]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered February 21, 2013, which denied the City defendants' motion for summary judgment dismissing the complaints, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered December 27, 2013, which to the extent appealed from as limited by the briefs, denied the city defendants' motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

The city defendants in these consolidated cases presented sufficient evidence to demonstrate that there were no issues of fact concerning whether Wygand, the driver of the sanitation truck, was negligent, based on his deposition testimony, the nonhearsay portions of the police accident report, the DMV report, the Nassau County Police Case Report, and the affidavit of an accident reconstruction expert, who visited the scene, examined the sanitation truck and took detailed measurements. There was no requirement that Wygand's deposition transcript be signed by him in order to be admissible in support of the city defendants' motion because Wygand accepted its accuracy by submitting it in support of his motion for summary judgment dismissing the complaint (*see Franco v Rolling Frito-Lay Sales, Ltd.*, 103 AD3d 543 [1st Dept 2013]). There was also nothing improper about submitting only excerpts of deposition transcripts in support of the motion, as long as they were not misleading.

Plaintiffs failed to raise a triable issue of fact in that neither of them had any memory of the accident, and a witness to the accident testified that the car driven by Nieto turned in front of the sanitation truck in order to access the entrance to the Meadowbrook Parkway. The unsigned deposition transcript of the witness was admissible evidence because the city defendants presented proof, upon reply, that the transcript had been submitted to the witness for signature and return and she failed to do so within 60 days (*see* CPLR 3116 [a]).

The city defendants' appeal from the denial of their motion to reargue is dismissed since no appeal lies from a denial of reargument (*see Lopez v Post Mgt. LLC*, 68 AD3d 671 [1st Dept 2009]). Concur—Tom, J.P., Renwick, Andrias, DeGrasse and Kapnick, JJ.