■ Mary Theresa Ward, Respondent, v Ruppert Housing Company, Inc., Appellant, et al., Defendant. [13 NYS3d 76]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 28, 2015, which denied defendant Ruppert Housing Company, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Summary judgment was properly denied in this action where plaintiff was injured when she tripped over her neighbor's doormat that was in front of plaintiff's apartment door. According to plaintiff, the accident occurred when she first stepped out of her apartment and was looking straight ahead into the hallway. The record presents triable issues of fact as to whether the doormat was an open and obvious condition. Although plaintiff testified she had previously observed the doormat in the hallway prior to her accident, she also stated that the doormat had never been placed in front of her apartment door. Under these circumstances, there is an issue as to whether the doormat's location was likely to be overlooked (see Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89, 93 [1st Dept 2011]; Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 70-72 [1st Dept 2004]).

Furthermore, defendant was aware of the tripping hazards of having doormats in the common hallways, and informed the tenants that they were prohibited, and that defendant retained the authority to remove them. Plaintiff testified that she complained about the doormat in the hallway, and that defendant failed to act. Thus, the evidence also raises issues of fact as to whether defendants breached their common-law duty to maintain the area in a reasonably safe condition (see DiVetri v ABM Janitorial Serv., Inc., 119 AD3d 486, 488 [1st Dept 2014]; Westbrook, 5 AD3d at 72-75). Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.