*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    520757
_____

YOLANDA LUCATELLI,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

CRESCENT ASSOCIATES,
                    Appellant.
_____


Calendar Date:  September 8, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

                    _____


        Barclay Damon, LLP, Syracuse (Gary H. Abelson of counsel),
for appellant.

        Williamson Clune & Stevens, Ithaca (Paul D. Sweeney of
counsel), for respondent.

                    _____


Clark, J.

        Appeal from an order of the Supreme Court (Rumsey, J.),
entered October 28, 2014 in Tompkins County, which denied
defendant's motion for summary judgment dismissing the complaint.

        In March 2011, plaintiff attended a doctor's appointment
with her geriatric physician in an office building owned by
defendant, a general partnership.  While attempting to exit the
building by descending a sloping tile floor gradually leading
through the inner vestibule to the main door, plaintiff tripped
and fell, sustaining a compound fracture of her femur.  Plaintiff
and her daughter, who witnessed plaintiff's fall, both testified
at depositions that the accident was caused by an industrial
carpet runner placed over the sloping tile floor.  Plaintiff
thereafter commenced this negligence action alleging, among other

things, that defendant failed to maintain its property in a reasonably safe condition such that it created a dangerous condition causing plaintiff's injuries. After joinder of issue, defendant moved for summary judgment dismissing plaintiff's complaint. Supreme Court denied defendant's motion, prompting this appeal.

We affirm. To establish a prima facie entitlement to summary judgment, defendant was required to show that it maintained its property "in a reasonably safe condition and that [it] neither created nor had actual or constructive notice of the allegedly dangerous condition" (Decker v Schildt, 100 AD3d 1339, 1340 [2012]). Based upon the record before us, we agree with Supreme Court that defendant failed to meet such burden.

Defendant's representative, Graham Gillespie, explained that the vestibule of the building had been remodeled approximately 20 years earlier to replace the then-existing stairs with a gradually sloping tile floor. The remodeling was designed and completed by Holt Architects, an architectural firm that maintains office space in the subject building and is comprised of individuals, like Gillespie, who are partners in defendant. No handrails were installed and the carpet runner, which was regularly replaced, was not secured to the sloping tile floor or the vestibule in any way. Gillespie testified that, at various times, he had observed that the runner had moved out of place and was laying crookedly, unevenly or had shifted downwards on the sloping tile floor and, further, that there were occasions when he himself had readjusted the runner. Thus, viewing the evidence in the light most favorable to plaintiff as the nonmovant (see Beckerleg v Tractor Supply Co., 107 AD3d 1208, 1209 [2013]), we agree that defendant did not establish as a matter of law that it maintained its property in a reasonably safe condition (see Barley v Robert J. Wilkins, Inc., 122 AD3d 1116, 1117 [2014]; Carter v State of New York, 119 AD3d 1198, 1201-1202 [2014]). In any event, even if defendant had set forth evidence sufficient to shift the burden to plaintiff, the record demonstrates a triable issue of fact. Thus, summary judgment was not appropriate here.

McCarthy, J.P., Egan Jr. and Rose, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court