■ ALLEN MARDAKHAYEV, an Infant, by His Mother and Natural Guardian, NATELLA MARDAKHAYEV, et al., Appellants, v CITY OF NEW YORK, Respondent. [36 NYS3d 909]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Jimenez-Salta, J.), entered January 20, 2015, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

"[A] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Sokolik v Pateman*, 114 AD3d 839, 840 [2014]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (*Sokolik v Pateman*, 114 AD3d at 840-841; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). Here, the jury's determination that the defendant did not affirmatively create the alleged hazardous condition that caused the infant plaintiff to fall was supported by a fair interpretation of the evidence (*see generally Yarborough v City of New York*, 10 NY3d 726 [2008]; *Nicastro v Park*, 113 AD2d 129 [1985]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.