■ EVAN MARTIN, an Infant, by His Mother and Natural Guardian, MAZINE MARTIN, et al., Respondents, v OUR LADY OF WISDOM REGIONAL SCHOOL et al., Appellants. [54 NYS3d 692]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Suffolk County (Leis, J.), entered January 29, 2015, which, upon a jury verdict finding them 100% at fault in the happening of the accident, and upon a separate jury verdict on the issue of damages, is in favor of the plaintiff Evan Martin and against them in the principal sum of $600,000.

Ordered that the judgment is affirmed, with costs.

In April 2009, when the plaintiff Evan Martin was an eighth-grade student at the defendant Our Lady of Wisdom Regional School, he and another student were assigned, without supervision, the task of closing a sliding gate to the school parking lot. When Evan hung on the gate as it slid closed, a wheel mechanism at the top of the gate severed the tips of the middle and ring fingers of his left hand. The plaintiffs commenced this action, inter alia, to recover damages for Evan's injuries. At a trial on the issue of liability, the Supreme Court permitted testimony, over defense objection, from a retired school nurse about other accidents involving the gate, and the jury found the defendants 100% at fault in the happening of the accident. At a separate trial on the issue of damages, a psychiatrist testified for the plaintiffs as to the effects of the injuries on Evan. A judgment was entered in favor of Evan in the principal sum of $600,000, $450,000 of which was for past pain and suffering, and $150,000 of which was for future pain and suffering. On this appeal, the defendants raise issues as to both the liability and damages trials.

"[P]roof of a prior accident, whether offered as proof of the existence of a dangerous condition or as proof of notice thereof, is admissible only upon a showing that the relevant conditions of the subject accident and the previous one were substantially the same" (*Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]). "A Trial Judge necessarily is vested with broad discretion to determine the materiality and relevance of proposed evidence" (*id.* at 929). Here, the plaintiff presented evidence that three other children had injured their hands in accidents involving the gate, which was not significantly altered between the occurrence of those accidents and Evan's accident. Since this evidence was shown to be reliable, and was probative of the issues of dangerousness and prior notice, the Supreme Court did not improvidently exercise its discretion in admitting it (*see Kane v Triborough Bridge & Tunnel Auth.*, 64 AD3d 544, 545 [2009]).

The defendants next contend that the verdict finding them

100% at fault in the happening of the accident was against the weight of the credible evidence. A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Mardakhayev v City of New York, 142 AD3d 691, 691 [2016]; Nicastro v Park, 113 AD2d 129, 134 [1985]). Here, the evidence included expert testimony to the effect that assigning the task of closing this particular gate to eighth graders without adult supervision presented a substantial risk of injury. Further, Evan testified that he was never shown how to operate the gate and he never was warned by anyone from the school about any possible danger from the gate. Additionally, there was evidence that a very inexpensive safety device could have been installed which would have prevented injuries like those sustained by Evan. In light of the evidence presented, the liability verdict finding that the defendants were 100% at fault for the happening of the accident was not against the weight of the evidence (see Santos-Lopez v Metropolitan Tr. Auth., 85 AD3d 512, 513 [2011]).

Next, as to the damages trial, the defendants contend that the plaintiffs' evaluating psychiatrist was improperly permitted to testify as to the substance of Evan's complaints to him. This contention is unpreserved for appellate review, since, after the defendants' objection was, in effect, sustained, and a limiting instruction was given, the defendants failed to object to the adequacy of the instruction or seek further instruction (see Venancio v Clifton Wholesale Florist, 1 AD3d 505, 506 [2003]).

After the plaintiffs' evaluating psychiatrist testified about a diagnosis that Evan had not disclosed prior to trial, the Supreme Court issued a prompt curative instruction. That instruction alleviated any prejudice to the defendants from the improper testimony, and a mistrial was not required (see Burlingame v G & G Auto Repair, 229 AD2d 511, 512 [1996]).

Finally, the award of $150,000 for future pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Nayberg v Nassau County, 149 AD3d 761, 762 [2017]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.