Serrano v Riverbay Corp. (2020 NY Slip Op 06971)





Serrano v Riverbay Corp.


2020 NY Slip Op 06971


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 28732/16 Appeal No. 12469 Case No. 2020-03009 

[*1]Joseph A. Serrano, Plaintiff-Respondent,
v
Riverbay Corporation, Defendant-Appellant.


Malapero Prisco & Klauber LLP, New York (Michael J. Driscoll of counsel), for appellant.
Burns & Harris, New York (Jason S. Steinberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered August 27, 2019, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was struck by an unidentified motor vehicle while he was walking inside defendant's parking garage known as "Garage 1." He testified that the garage did not have speed bumps, pedestrian markings, pathways, or stop signs on its ramps.
Defendant failed to establish prima facie that it maintained Garage 1 in a reasonably safe condition. Its director of parking at the time of the accident testified in general terms about the [*2]eight parking facilities that defendant owned and knew nothing about the safety measures in place at Garage 1 at the time of the accident. Nor did defendant submit an expert affidavit that supported its claim that Garage 1 was maintained in a reasonably safe condition at the time of the accident and comported with generally accepted standards at the time it was constructed or thereafter (see Barley v Robert J. Wilkins, Inc., 122 AD3d 1116, 1117 [3d Dept 2014]).
Furthermore, defendant failed to establish that it had no notice of the alleged unsafe condition. The parking director testified that defendant maintained no records concerning signage placement for Garage 1 and that he did not know when the area was last inspected for safety, whether defendant performed a search for complaints related to speeding or fast-moving vehicles inside the garage before the accident, or where such information could be found (see Roberts v United Health Servs. Hosps., Inc., 128 AD3d 1210, 1211-1212 [3d Dept 2015]; McGrew v V.V. Bldg. Corp., 306 AD2d 131 [1st Dept 2003]). Defendant also failed to establish that it was unforeseeable that vehicles were speeding on the ramps inside Garage 1 before the accident. The parking director testified that he was aware that defendant's employees were telling tenants to slow down when they saw them speeding and issuing community complaints for traffic infractions (see Ward v Ruppert Hous. Co., Inc., 130 AD3d 467 [1st Dept 2015]; Lucatelli v Crescent Assoc., 132 AD3d 1225 [3d Dept 2015]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020