Nyambuu v Whole Foods Mkt. Group, Inc. (2021 NY Slip Op 01145)





Nyambuu v Whole Foods Mkt. Group, Inc.


2021 NY Slip Op 01145


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 150197/15 Appeal No. 12366 Case No. 2020-00737 

[*1]Zoljargal Nyambuu, Plaintiff-Respondent-Appellant,
v
Whole Foods Market Group, Inc., Defendant-Appellant-Respondent, Colite International, Ltd., et al., Defendants-Respondents.


Fishman McIntyre Berkeley Levine Samansky PC, New York (Scott A. Grossman of counsel), for appellant-respondent.
Rappaport, Glass, Levine & Zullo, LLP, Islandia (Charles J. Rappaport of counsel), for respondent-appellant.
Law Office of James J. Toomey, New York (Jason Meneses of counsel), for Colite International, Ltd., respondent.
Law Office of Brian Rayhill, Elmsford (Renaud T. Bleecker of counsel), for North Shore Neon Sign Co., Inc., respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered September 12, 2019, which, to the extent appealed and cross-appealed from as limited by the briefs, denied that branch of defendant Whole Foods Market Group, Inc.'s (Whole Foods) motion for summary judgment dismissing plaintiff's negligence claim as against it, and granted those branches of defendants North Shore Neon Sign Co., Inc.'s (North Shore) separate motion and Colite International, Ltd.'s (Colite) cross motion for summary judgment dismissing the negligence claim as against them, unanimously affirmed, without costs.
Plaintiff alleges that she was injured on February 13, 2014, when part of a letter in a Whole Foods Market exterior sign broke, fell, and struck her on the head as she was exiting the Whole Foods store in Union Square while a snowstorm was in progress. The sign was approximately 12 to 15 feet above the exit used by plaintiff. The portion that allegedly hit plaintiff was observed by her in the snow on the sidewalk after impact.
It is undisputed that defendant Whole Foods Market Group, Inc. (Whole Foods) owns the sign. Defendant Colite manufactured the sign. Defendant North Shore installed the sign in April 2005.
In April 2007 North Shore was called to service the sign when fragments of letters on the sign broke, apparently after being hit by ice.[FN1] Whole Foods did not take steps to monitor the structural integrity of the sign's lettering in the wake of the 2007 incident. Indeed, it argues that such monitoring was unnecessary. In support of that argument Whole Foods points to deposition testimony of representatives of Colite and North Shore who stated that signs such as the one in question are designed for a working life of up to 20 years without structural maintenance, are built to stand up to New York winters, and are not subject to any industry or regulatory standard requiring periodic inspection. Whole Foods argues that this testimony is proof that the sign was not dangerous, and, even if it was dangerous, that Whole Foods had no actual or constructive notice of its dangerousness.
Contrary to Whole Foods' argument, the sign's unexpected fragility in 2007 creates an issue of triable fact on these elements of a negligence cause of action. A tenant has a duty to maintain its premises in a reasonably safe condition (Branch v SDC Discount Store, Inc., 127 AD3d 547 [1st Dept 2015]). This includes providing a safe means of ingress and egress (see Branham v Loews Orpheum Cinemas, Inc., 31 AD3d 319 [1st Dept 2006], affd 8 NY3d 931 [2007]). "[P]roof of a prior accident, whether offered as proof of the existence of a dangerous condition or as proof of notice thereof, is admissible only upon a showing that the relevant conditions of the subject accident and the previous one were substantially the same" (Hyde v County of Rensselaer, 51 NY2d 927, 929 [1980]; see Martin v Our Lady of Wisdom Regional Sch., 151 AD3d 838 [2d Dept 2017]; Dukes v 800 Grand Concourse Owners, [*2]198 AD2d 13 [1st Dept 1993]). Given that the sign in question was supposed to last for up to 20 years without structural maintenance, the fragmentation of letters on the sign after it was hit by ice two years after its installation raises an issue of triable fact as to whether Whole Foods had notice that the sign was dangerous in weather conditions allegedly similar to those that prevailed on the day of plaintiff's injury. Whole Foods has failed to show that reasonable periodic inspections would not have prevented plaintiff's accident (McGrew v V.V. Bldg. Corp., 306 AD2d 131, 132 [1st Dept 2003]).
Whole Foods argues that the seven-year interval between the repair made in 2007 and plaintiff's accident, during which time there is no evidence of any similar incident, as a matter of law disproves the sign's dangerousness, and negates any actual notice provided by the 2007 incident. The absence of any subsequent incident for seven years, under similar conditions as those that prevailed on the day of plaintiff's injury, does not prove that it was safe as a matter of law (see Orlick v Granit Hotel & Country Club, 30 NY2d 246, 250 [1972] [evidence of no prior incidents "would merely be a factor for consideration and not in any way be conclusive on the nature of the condition of the stairway"]; Gayle v City of New York, 256 AD2d 541, 542-543 [2d Dept 1998]).
Moreover, a jury could find that Whole Foods was negligent by application of the res ipsa loquitur rule of evidence (see Wilkins v West Harlem Group Assistance, Inc., 167 AD3d 414 [1st Dept 2018]). Contrary to Whole Foods's argument, there is nothing in the record to undermine "common experience" that a sign above a store's entrance in New York City does not break and send pieces onto a passersby below in the absence of negligence (Wilkins, supra, 167 AD3d at 415; see Hallett v Stanley Stores Cleaners & Dyers, Inc., 276 AD 386, 387 [1st Dept 1950], affd 301 NY 698 [1950]; cf. Shapiro v Art Craft Strauss Sign Corp., 39 AD2d 696, 697 [1st Dept 1972]). That the sign was outdoors does not negate the exclusive control element of res ipsa loquitur, since sole physical access is not required in order to apply the evidentiary rule (see Galue v Independence 270 Madison LLC, 184 AD3d 479, 480 [1st Dept 2020]; Jeanty v New York City Hous. Auth., 176 AD3d 502, 502 [1st Dept 2019]; Dawson v National Amusements, 259 AD2d 329, 330 [1st Dept 1999]).
Plaintiff argues that the remaining defendants, Colite and North Shore, failed to establish their respective prima facie burdens concerning plaintiff's negligence claims.[FN2] Plaintiff's entire argument with respect to Colite is based on the fact that the transcript of its witness's deposition was unsigned. A party to an action, or a witness on behalf of a party to an action, does not need to comply with the formalities of CPLR 3116(a) in order to use its own deposition transcript in support of his own summary judgment motion, since, by submitting the transcript in support [*3]of his own motion, it accepts the accuracy of the transcript (see Castano v Wygand, 122 AD3d 476, 477 [1st Dept 2014], citing Franco v Rolling Frito-Lay Sales, Ltd., 103 AD3d 543 [1st Dept 2013]). Via this deposition testimony Colite established, prima facie, that it manufactured the sign in a reasonably safe manner according to industry standards. In response plaintiff offered no expert testimony that Colite negligently designed or manufactured the sign, or that the fragmentation of the sign's lettering was caused by negligent design or manufacture.
Plaintiff argues, without explication, that North Shore failed to establish its prima facie entitlement to summary judgment. North Shore demonstrated, prima facie, that it had no duty to plaintiff. It is undisputed that North Shore had no ongoing maintenance contract to inspect and service the sign. Thus, its repair of some of the sign's letters in 2007, and its replacement of some of the sign's lighting elements in 2011, did not trigger any duty to inspect or warn of any purported defects in the sign (Merchants Mut. Ins. Co. v Quality Signs of Middletown, 110 AD3d 1042, 1044-1045 [2d Dept 2013]). Moreover, there is nothing in the record to indicate that the letters fragmented, in either 2007 or 2014, due to North Shore's initial installation (see Davis v Goldsmith, 19 AD2d 514 [1st Dept 1963]).
Res ipsa loquitor cannot apply to either Colite or North Shore on the record
presented. Colite and North Shore both lacked any control over the sign, an essential
predicate for application of the evidentiary rule. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: February 23, 2021



Footnotes

Footnote 1: North Shore also replaced some of the sign's lighting in 2011, but plaintiff does not connect that routine maintenance to her accident.

Footnote 2: Plaintiff does not appeal the motion court's dismissal of its breach of warranty and strict products liability claims.