## Gaillard v 149th Partners LP

2024 NY Slip Op 31944(U)

June 5, 2024

Supreme Court, New York County

Docket Number: Index No. 151991/2018

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ERIC SCHUMACHER**                    PART            **23M**

*Justice*

---------------------------------------------------------------X

ALBERT GAILLARD,

                            Plaintiff,

           - v -

149TH PARTNERS LP et al.,

                       Defendants.

(and a third-party action)

---------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151991/2018 |
| **MOTION DATE** | 06/05/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

**NYSCEF doc nos. 119-140 were read on this motion for summary judgment.**

Motion by defendant/third-party defendant Coalition for the Homeless (hereinafter Coalition) pursuant to CPLR 3212 for summary judgment dismissing the amended complaint, the third-party complaint, and all cross claims as asserted against it granted to the following extent.

## BACKGROUND

Plaintiff commenced this action on March 6, 2018, by filing the summons and complaint (see NYSCEF doc no. 1), which was subsequently amended on August 15, 2018 (see NYSCEF doc no. 14). The amended complaint alleges that defendants/third-party plaintiffs 149th Partners LP (hereinafter Partners) and Beach Lane Management Inc. (hereinafter Beach Lane) were owners of a residential building located at 460 West 149th Street, New York, NY, 10031 (hereinafter premises) (see id. ¶¶ 13-14). The amended complaint further alleges that Coalition leased an apartment at the premises (see id. ¶ 24). The amended complaint further alleges that, on or about September 21, 2017, plaintiff was lawfully in the apartment when the ceiling collapsed on him, causing injuries (see id. ¶ 38).

On July 31, 2018, Partners and Beach Lane commenced a third-party action against Coalition by filing the third-party summons and complaint (see NYSCEF doc no. 11). The third-party complaint sets forth the following four causes of action as asserted against Coalition: (1) common-law indemnification and contribution; (2) breach of contract for failure to procure insurance; (3) contractual indemnification; and (4) duty to defend.

On December 14, 2023, Coalition filed this motion for summary judgment dismissing the amended complaint, the third-party complaint, and all cross claims as asserted against it (see NYSCEF doc no. 119). Coalition argues, in sum and substance, that it had no duty to repair the ceiling because it did not own the apartment and the license agreement between Coalition and Partners states that Partners was responsible for any repairs (see Connolly affirmation ¶ 23).

**151991/2018  GAILLARD v 149TH PARTNERS LP et al.**                    **Page 1 of 5**
**Motion No. 004**

[* 1]

In support of the motion Coalition submits the deposition transcript of Nikki Rogers, Coalition's residence manager of the subject building (see Rogers tr at 9, lines 9-25; at 10, lines 2-3). When asked, "who makes the determination on what can be handled by maintenance for the Coalition and what could be handled by maintenance for the apartment building?", Rogers replied, "Coalition maintenance could not do any structural work or electrical work" (id. at 101, lines 20-25; at 102, lines 1-2). When asked, "what does that mean?", Rogers replied, "[t]o me, that means they cannot go up to a wall and bust a wall open and repair a pipe or go up to the above apartment for a repair because that's not our tenant" (id. at 102, lines 3-8). When asked, "[w]hat happens, for example, if there was a leak in the ceiling or something of that nature?", Rogers replied, "[t]hat's management" (id. at 37, line 25; at 38, lines 2-4). When asked, "[a]fter the tenant moved in such as [plaintiff] and there was a complaint regarding a leaky ceiling after the tenant moved in, who would have responsibility for repairing it if such a leak existed?", Rogers replied, "[t]he management" (id. at 43, lines 3-9).

Coalition further submits its response to a notice for discovery and inspection, which contains a fully executed copy of the license agreement between Coalition and Partners (see NYSCEF doc no. 131 at 22). As is relevant here, the license agreement states that "[Partners] shall be responsible for maintaining and repairing the Licensed Premises" (id. at 23).

On February 28, 2024, Partners and Beach Lane filed their opposition to the motion (see Piccirillo affirmation). Partners and Beach Lane argue, in sum and substance, that the deposition transcripts submitted are not in admissible form because they are not signed by the deponents and that, "as the Coalition was the sublandlord to the plaintiff, it did in fact have a duty as the sublandlord to the plaintiff, its subtenant" (see id. ¶¶ 5, 8).

On March 30, 2024, plaintiff filed its opposition to the motion joining in and adopting the arguments set forth by Partners and Beach Lane (see NYSCEF doc no. 140).

On March 29, 2024, Coalition filed its reply affirmation in support of the motion (see NYSCEF doc no. 139). Coalition reiterates the arguments made in its motion papers.

## DISCUSSION

To succeed on a motion for summary judgment, the movant must "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985], citing Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad at 853).

Once the movant's prima facie showing has been made, the burden shifts to the opposing party to establish the existence of a material issue of fact sufficient to require a trial (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]). An opposing party's "mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient" to defeat a movant's summary judgment motion (Siegel v City of New York, 86 AD3d 452, 455 [1st Dept 2011], quoting Zuckerman at 562).

151991/2018  GAILLARD v 149TH PARTNERS LP et al.
Motion No. 004

Page 2 of 5

## I.  *Dismissal of the Amended Complaint*

Preliminarily, as there are no cross claims asserted against Coalition, the branch of the motion seeking dismissal of cross claims is academic. Ordinarily, where a defendant seeks to asserts claims against a codefendant, it would be for that party to assert those claims in the form of cross claims. Here, codefendants elected before the prior court to commence a third-party action against Coalition and all claims as to Coalition are in the third-party complaint. As such, this branch of the motion is resolved as moot.

As to the branch of the motion seeking dismissal of the amended complaint, the court finds based on the papers submitted that Coalition has demonstrated prima facie entitlement to judgment as a matter of law. The license agreement submitted states that Partners had a duty to maintain and repair the premises and is silent as to any such duty of Coalition. Thus, the license agreement alone satisfies Coalition's burden of establishing prima facie that there is no issue of fact as to that Coalition did not have a duty to maintain or repair the subject ceiling or to address any of the potential causes of its collapse such as a water leak, all of which are structural in nature. The absence of an explicit maintenance and repair duty of Coalition in the license agreement comports with the Rogers testimony as to how the relationship between Partners and Coalition manifested itself in practice. Rogers indicated that it was Partners, and not Coalition, that was responsible for fixing leaky pipes or sagging ceilings, i.e., any structural repairs. As such, the court finds that Coalition has shown prima facie entitlement to dismissal of the amended complaint.

The burden having shifted, the court finds that the opposition papers submitted fail to raise a genuine issue of material fact. The opposition's argument as to the admissibility of transcripts submitted by Coalition is unavailing. CPLR 3116(a) states, in pertinent part, that

> "The deposition shall be submitted to the witness for examination and shall be read to or by him or her, and any changes in form or substance which the witness desires to make shall be entered at the end of the deposition with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness before any officer authorized to administer an oath. If the witness fails to sign and return the deposition within sixty days, it may be used as fully as though signed."

Yet where a party or a party witness uses their own deposition transcript in support of their summary judgment motion, that party or witness need not comply with CPLR 3116(a), because, by submitting the transcript in support of the motion, they adopt the transcript as accurate (see Nyambuu v Whole Foods Mkt. Group, Inc., 191 AD3d 580 [1st Dept 2021]; Castano v Wygand, 122 AD3d 476, 477 [1st Dept 2014]).

Here, as Rogers is Coalition's party witness, the Rogers transcript is admissible for the purposes of Coalition's summary judgment motion. Insofar as Coalition has met its prima facie burden based on the admissible Rogers testimony and the indisputably authentic license agreement, the issue of whether the other unsigned deposition transcripts are admissible is immaterial (see Pados v City of New York, 192 AD3d 596 [1st Dept 2021]). Further the

[* 3]

opposition fails to refer to any evidence that would raise a question of fact warranting denial of Coalition's motion. Indeed, the opposition fails to submit any admissible evidence and merely seeks to point to gaps or inadequacies in Coalition's submission. As such, the court finds that the opposition fails to raise a genuine issue of material fact.

II.      *Dismissal of the Third-Party Complaint*

As to the branch of the motion seeking dismissal of the third-party complaint, the court finds based on the papers submitted that Coalition has demonstrated prima facie entitlement to judgment as a matter of law.

Regarding the common-law indemnification and contribution cause of action as asserted against Coalition, a party demonstrates entitlement to the dismissal of claims as asserted against it for common-law indemnification and contribution by showing that it is "free from negligence" (Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 511 [1st Dept 2020]). Here, the court has found that there is no genuine issue of material fact as to whether Coalition was negligent. As such, Coalition has demonstrated prima facie entitlement to the dismissal of the common-law indemnification and contribution cause of action as asserted against it.

Concerning the breach of contract for failure to procure insurance cause of action as asserted against Coalition, the court finds that Coalition has met its prima facie burden by means of the license agreement submitted. There is nothing in the license agreement requiring that Coalition procure any insurance. The burden having shifted, the opposition fails to submit evidence of any such requirement. As such, Coalition has demonstrated entitlement to dismissal of the breach of contract for failure to procure insurance cause of action.

The court further finds that Coalition has demonstrated prima facie entitlement to the dismissal of the contractual indemnification and duty to defend causes of action. Under General Obligations Law § 5-322.1(1), a contractual provision requiring the indemnification of an owner for their own negligence is void and unenforceable. Thus, the extent to which an owner is entitled to indemnification depends on the extent to which the owner's negligence is determined to have contributed to the accident (see Winkler v Halmar Intl., LLC, 206 AD3d 458, 461 [1st Dept 2022]). Here, the court has found that Coalition is free from negligence. Consequently, if Partners and Beach Lane are found to have contributed to the accident such that the indemnification provision would apply, the provision would be void and unenforceable as asserted against Coalition, as Coalition would be indemnifying Partners and Beach Lane for their own negligence. As such, Coalition has demonstrated prima facie entitlement to judgment as a matter of law on the contractual indemnification and duty to defend causes of action.

THIS SPACE IS INTENTIONALLY LEFT BLANK

## CONCLUSION

Accordingly, it is

ORDERED that the motion is granted to the extent that it is

ORDERED that the branches of the motion by Coalition pursuant to CPLR 3212 for summary judgment dismissing the amended complaint and the third-party complaint are granted, and the motion is otherwise resolved as academic; and it is further

ORDERED that the amended complaint is dismissed as asserted against Coalition; and it is further

ORDERED that the third-party complaint is dismissed; and it is further

ORDERED that, within five days of entry, Coalition shall serve a copy of this order with notice of entry on plaintiff, Partners, and Beach Lane.

The foregoing constitutes the decision and order of the court.

| | | |
|---|---|---|
| **6/5/2024** | | ERIC SCHUMACHER, J.S.C. |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

151991/2018   GAILLARD v 149TH PARTNERS LP et al.
Motion No.  004

Page 5 of 5