H.G. v New York City Tr. Auth. (2025 NY Slip Op 03381)

H.G. v New York City Tr. Auth.

2025 NY Slip Op 03381

Decided on June 05, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025

Before: Renwick, P.J., Kapnick, Mendez, Pitt-Burke, Michael, JJ. 

Index No. 21567/17|Appeal No. 4544|Case No. 2024-04431|

[*1]H.G., etc., et al., Plaintiffs-Appellants,
v
New York City Transit Authority, et al., Defendants-Respondents.

Seskin & Seskin, New York (Scott Howard Seskin of counsel), for appellants.
Anna J. Ervolina, MTA Law Dept, Brooklyn (Theresa Frame of counsel), for respondents.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered on or about June 27, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiffs' fourth, fifth, and thirteenth causes of action, unanimously reversed, on the law, without costs, and the motion denied.
In support of their motion, defendants submitted only 14 pages of excerpts from the transcripts of three witnesses' deposition testimony. Although defendants cured the admissibility defect as to those pages by submitting the complete, signed transcripts in reply (see Castano v Wygand, 122 AD3d 476, 477 [1st Dept 2014]), this evidence was wholly insufficient to set forth a coherent narrative of the facts underlying this personal injury action, let alone establish defendants' prima facie entitlement to summary judgment dismissing the complaint. Defendants' reply papers could not be used to remedy "basic deficiencies in [their] prima facie showing" (Migdol v City of New York, 291 AD2d 201 [1st Dept 2002]), nor could they rely on plaintiffs' evidence submitted in opposition to their motion to do so (see Dorset v 285 Madison Owner LLC, 214 AD3d 402, 403 [1st Dept 2023]; Brown v Smith, 85 AD3d 1648, 1649 [4th Dept 2011], cited in Li Xian v Tat Lee Supplies Co., Inc., 170 AD3d 538, 539 [1st Dept 2019]). Defendants did not submit the pleadings in support of their motion (see CPLR 3212 [b]) or incorporate them by reference in this e-filed action (see CPLR 2214 [c]). Accordingly, defendants' motion should have been denied, without regard to the sufficiency of plaintiffs' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 5, 2025