Btjbke, J.
Plaintiffs were paying guests at the Gfranit Hotel where plaintiff, Sarah Orlick, fell down a flight of four stairs sustaining personal injuries. She fell on the same day that she had registered as a guest. The complaint claimed that defendants had been negligent in the construction and maintenance of the corridor and the stairway in it, alleging that the stairway had been improperly constructed as it had no handrails and no signs or other warnings of the approaching stairway which had to be descended in order to reach plaintiffs’ room, which was off a corridor. Plaintiffs had to pass through a foyer and walk down four steps.
An architect testified in plaintiffs’ behalf that the construction of the stairway was not in accord with proper standards of care as well as being contrary to the New York State Construction Code. On cross-examination of one of the defendants’ employees, it was brought out that there were about 5,000 “ people days ” of user a year of these stairs. The employee testified that all accidents were eventually reported to him. However, he admitted he had not consulted any of the hotel accident records, only the hotel’s lawyers. It is only necessary to note that every hotel has records of accidents — accidents are commonplace occurrences in hotels and insurance companies insist on records. The record also contains testimony that the steps were in the same structural condition when first constructed in the fall of 1961.
The main question in the case is whether the charge to the jury concerning the use of the stairway was erroneous. The majority of the Appellate Division believed that the charge was *249 proper and in accord with that given in the case of De Salvo v. Stanley-Mark-Strand Corp. (281 N. Y. 333, 338). The dissenters were of the opinion that a portion of the charge to the jury constituted reversible error. That portion of the charge reads as follows: “ If you find that this stairway had been in daily use for years and its condition during such use was substantially the same as on the day of the accident, and that during such use there was no other accident, if you find that, such proof negates the possibility that the condition of this stairway was a dangerous one ” (emphasis added). An exception was taken.
We agree with the dissenters. A new trial should be granted.
In De Salvo v. Stanley-Mark-Strand Corp. (281 N. Y. 333, 338, supra) the plaintiffs contended that a balustrade in a theatre around the opening on a floor was not high enough to protect people from falling over. The theatre had been operating for 23 years at the time of the accident, during the course of which hundreds of thousands of people had passed by the rail without mishap. This is quite different from a situation where there were only four years’ experience. In this case the plaintiff, Sarah Orlick, testified that the area was inadequately lighted and the stairway in question was not properly constructed by reason of the absence of a handrail, and that the carpeting in the foyer, on the stairway and in the corridor leading to her room were all of the same design and color and created an illusion of one level plane. Under these circumstances, Be Salvo does not apply.
The defendant in that case produced evidence to establish that the theatre of the defendant was designed by a well-known architect, that it was constructed similar to like classes of structures when the theatre was built and had been in constant use for many years without incident. It was for these reasons that this court reversed and dismissed the plaintiffs’ complaint. In the instant case, the language is strong. It in effect charged a directed verdict in favor of the defendants. In Be Salvo this court simply said that its use for a great many years safely warrants its continued use without the imputation of imprudence or carelessness.
It seems to us then that the language in the charge ‘ ‘ negates the possibility that the condition of this stairway was a danger *250 ous one ’ ’ was serious error. This case is unlike such cases as Moore v. Board of Educ. of City of N. Y. (22 A D 2d 919, affd. 19 N Y 2d 621) where an infant plaintiff struck his head on the bottom of a steel crossbeam while descending a flight of stairs in a high school which had been constructed more than 50 years prior to the accident and during that time there was no proof of prior accidents or change in the construction of the school’s stairway. It is also at odds with Duffy v. Owen A. Mandeville, Inc. (3 A D 2d 756, revd. on other grounds 5 N Y 2d 730) where the plaintiff fell from a platform in the foyer of a building. There, as in De Salvo, there was evidence from accident records that there had been no change in the construction of the platform and foyer for 20 years, and during this period of 20 years, no one other than plaintiff had fallen from this platform. The defendants’ witness here did not state that written reports of accidents were kept. He admitted that he refreshed his recollection as to prior accidents only through two conversations with the attorney for the defendants.
We have concluded that in some inexplicable way the De Salvo case is believed to support a proposition of law that applies to all buildings that “ continued use for a long period of time in substantially the same condition, without incident, negates negligence ” (emphasis added). We find nothing in De Salvo which supports this interpretation of the language and certainly nothing which would support any language as strong as the charge given under the facts of this case.
The majority, we think, erred when they enunciated a rule of law which holds that where a defendant points to scanty evidence of no accidents in a condition claimed to be dangerous or defectively constructed and which had existed for a period of only four years, then as a matter of law such defendant is immune from a claim that the condition complained of was negligent, defective or dangerous. In our opinion, the trial court should have charged that the evidence of no prior accidents (as scanty as it was) would merely be a factor for consideration and not in any way be conclusive on the issue of the nature of the condition of the stairway. In conclusion, we would again state that the theory that continued usage without incident ‘ ‘ negates ’ ’ negligence is inapplicable to the circumstances of this case. When the Justice presiding at the trial in the case *251 at bar so charged, it constituted reversible error as it must have misled the jury.
Accordingly, the order appealed from should be reversed and a new trial granted.