■ MARK JONES, Respondent, v BRILAR ENTERPRISES, INC., Appellant. (Appeal No. 1.)—Amended judgment unanimously affirmed with costs. Memorandum: By failing timely to object, defendant failed to preserve its contention that the court erred in allowing references to defendant's insurance company during the examination of defense witnesses *(see,* CPLR 4017, 5501 [a] [3]; *Horton v Smith,* 51 NY2d 798). Similarly unavailing is defendant's challenge to plaintiff's references to defendant's insurance coverage during summation. Prior to summations, the parties and the court agreed upon the extent to which counsel could comment on the relationship that certain defense witnesses had with insurance companies. During summations, the court warned plaintiff's counsel about his repeated references to insurance. The court nevertheless denied

defendant's motion for a mistrial, concluding that plaintiff's counsel had not exceeded the scope of comment that had been agreed upon in chambers. Because the agreement is not part of the record and the summations were not transcribed, we cannot review the issue.

Defendant also failed to preserve its contention that the trial court erred in refusing its requests for jury instructions *(see,* CPLR 4110-b, 5501 [a] [3]; *Byrd v Genesee Hosp.,* 110 AD2d 1051). In any event, those requests were properly denied. Although the absence of prior accidents is some evidence that a condition is not dangerous or unsafe, the requested charge on this issue improperly would have suggested that the absence of prior accidents negated the possibility of negligence *(see, Orlick v Granit Hotel & Country Club,* 30 NY2d 246, 249-250).

We have reviewed the other issues raised and find them to be without merit. (Appeal from Amended Judgment of Supreme Court, Erie County, Rath, Jr., J.—Negligence.) Present —Green, J. P., Pine, Balio, Boehm and Davis, JJ.