Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered April 19, 2012, which granted defendant-appellant Verizon of New York Inc.’s motion to reargue a prior order of the same court and Justice, entered December 27, 2011, to the extent it granted defendant-respondent City of New York’s motion for summary judgment dismissing the complaint and cross claims as asserted against it, and, upon reargument, adhered to the prior determination, unanimously affirmed, without costs. Appeal from the prior order, unanimously dismissed, without costs, as superseded by the appeal from the reargument order.
The court properly dismissed plaintiffs’ complaint as asserted against the City. The owner of the property abutting the sidewalk, and not the City, was responsible for maintaining the sidewalk under Administrative Code of City of NY § 7-210. In any event, the record shows that the City did not have prior written notice of the defective sidewalk condition, as required by Administrative Code § 7-201 (c) (2) (see Batts v City of New York, 93 AD3d 425, 426 [1st Dept 2012]), and Verizon has not demonstrated that the special use exception applied to overcome the prior written notice requirement (see Poirier v City of Schenectady, 85 NY2d 310, 315 [1995]). Because of the fact that the City did not have notice of the alleged dangerous condition there is no basis for holding the City liable for failing to provide lighting (see Thompson v City of New York, 78 NY2d 682, 685 [1991]). Therefor, Verizon’s cross claim against the City cannot be sustained on the theory that the City failed to provide adequate lighting. Concur — Andrias, J.E, Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.