NORMAN STEINER, Appellant, v STATE OF NEW YORK et al., Respondents. [49 NYS3d 160]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Mignano, J.), dated June 19, 2014, which, after a trial, is in favor of the defendants and against him dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The claimant was driving south on I-87 when he crashed into a van that was stopped in his lane. He later filed this claim, in which he alleged that the State of New York and the New York State Thruway Authority negligently constructed, engineered, designed, improved, maintained, and controlled the highway at the location of his collision. After trial, the Court of Claims issued a judgment in favor of the defendants and against the claimant dismissing the claim. The claimant appeals.

The Court of Claims correctly found in favor of the defendants, as the claimant presented no evidence that the defendants deviated from the standards in existence at the time of the safety improvement project at issue (see Schwartz v New York State Thruway Auth., 61 NY2d 955, 956 [1984]; Cipriano v State of New York, 171 AD2d 169, 173 [1991]; Rooney v State of New York, 111 AD2d 159, 161 [1985]; Merrill Transp. Co. v State of New York, 97 AD2d 921, 921-922 [1983]). Moreover, as the defendants correctly contend, qualified immunity provides an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-546 [1983]; Rodriguez v Gutierrez, 138 AD3d 964, 968 [2016]), as the study of the traffic conditions at issue during the planning stages of the safety improvement project was not plainly inadequate, and there was a reasonable basis for the defendants' traffic plan (see Friedman v State of New York, 67 NY2d 271, 284 [1986]). Moreover, in light of the complete lack of pedestrian accidents and the predominance of single-car collisions over rear-end collisions in the several years preceding the claimant's collision, there is no indication that the defendants neglected their continuing duty to review the operation of the traffic plan

(see *Turturro v City of New York*, 127 AD3d 732, 736 [2015], *affd* 28 NY3d 469 [2016]).

The claimant's remaining arguments either are unpreserved for appellate review or without merit.

Accordingly, the Court of Claims properly found in favor of the defendants. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.