Brown v State of New York (2018 NY Slip Op 04029)

Brown v State of New York

2018 NY Slip Op 04029 [31 NY3d 514]

June 7, 2018

Wilson, J.

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 5, 2018

[*1]

Linda M. Brown, Respondent,
v
State of New York, Appellant. (Claim No. 110037.)
Linda M. Brown, as Administratrix of the Estate of Wayne Brown, Deceased, Respondent, v State of New York, Appellant. (Claim No. 108961.)

Argued May 1, 2018; decided June 7, 2018

Brown v State of New York, 79 AD3d 1579, affirmed.
Brown v State of New York, 144 AD3d 1539, affirmed.
Brown v State of New York, 144 AD3d 1535, affirmed.

{**31 NY3d at 518} OPINION OF THE COURT

Wilson, J.

In April 2003, Wayne Brown was driving a Harley-Davidson Fat Boy motorcycle north on Route 350 with his wife, Linda Brown, as a passenger. Henry Friend had stopped his pickup truck at the stop sign on Paddy Lane where it intersects Route 350. He looked north, then south, then north again before pulling into the intersection. The Browns' motorcycle collided with Mr. Friend's truck, killing Mr. Brown and injuring Ms. Brown. Ms. Brown, in separate claims against the State (as administratrix of her husband's estate and on her own behalf), sought damages for wrongful death and for her own injuries. She alleged that the accident occurred as a result of the improper design of the intersection, an excessive speed limit on Route 350, and inadequate signage at the intersection; she also alleged that the State acted negligently by not taking any corrective action in response to complaints about the intersection's danger.
Between 1995 and 1999, there had been 14 right-angle collisions at the intersection of Route 350 and Paddy Lane. At the Town of Ontario's request, the Department of Transportation (DOT) began studying the intersection in 1999. DOT never completed its study and took no remedial action. Ms. Brown's expert testified that the appropriate corrective action would have been to place a four-way stop sign at the intersection. DOT's expert stated that the installation of a four-way stop sign would have been a measure of last resort, to be considered if other less restrictive measures were insufficient.
[*2]
After trial, the Court of Claims held that the State had breached its duty by failing to complete the study and take any remedial action, but dismissed the claims for lack of proximate cause, because Ms. Brown had failed to prove that a four-way stop sign was necessary and would have been installed in time to prevent the accident. The Appellate Division reversed, holding that Ms. Brown needed to show only that the dangerous condition was a proximate cause of her injury, and had no burden to prove that the State would have installed a four-way stop sign before the date of the accident (79 AD3d 1579 [4th Dept 2010]). Two dissenting Justices would have required Ms. Brown to show "what corrective action should have been taken {**31 NY3d at 519}by defendant and that such corrective action would have been completed before and would have prevented the accident" (id. at 1586).
On remittal, the Court of Claims found that the dangerous condition was a proximate cause of the accident. The court held the State 100% liable for the accident, finding that Mr. Friend was not negligent because he "carefully entered the intersection after looking both ways, but simply was unable to see the motorcycle . . . at any time before the accident occurred." The State appealed from the final judgments awarding damages, and the Appellate Division affirmed (144 AD3d 1535 [4th Dept 2016]; 144 AD3d 1539 [4th Dept 2016]). The State appeals as of right from the final Appellate Division orders, pursuant to CPLR 5601 (d) to review the prior nonfinal Appellate Division order and, by leave of this Court, pursuant to CPLR 5602 (a) (1) (i) (28 NY3d 913 [2017]).
The State argues that its breach was not a proximate cause of the accident, because Ms. Brown failed to prove that a four-way stop sign would have been installed before the accident and would have prevented it. Alternatively, the State argues that some fault should be apportioned to Mr. Friend, because he would have seen the motorcycle had he acted with reasonable care, and because his violation of the Vehicle and Traffic Law demonstrates his negligence.
I. Proximate Cause
The State agrees it cannot invoke qualified immunity because it did not complete the safety study; therefore, ordinary rules of negligence apply (see Turturro v City of New York, 28 NY3d 469, 479 [2016]). The State has a nondelegable duty to keep its roads reasonably safe (Friedman v State of New York, 67 NY2d 271, 283 [1986]), and the State breaches that duty "when [it] is made aware of a dangerous highway condition and does not take action to remedy it" (id. at 286). A breach proximately causes harm if it is a substantial factor in the plaintiff's injury (Turturro, 28 NY3d at 483).
 We first address whether the Appellate Division's standard for proximate cause was correct—i.e., what did Ms. Brown have to prove? The Appellate Division properly characterized the inquiry: "whether the dangerous condition of the intersection because of the vertical curve in the line of sight looking south from Paddy Lane, combined with the speed limit of 55 miles per hour and the absence of four-way stop signs at the{**31 NY3d at 520} intersection, may be deemed a proximate cause of the accident" (79 AD3d at 1584-1585 [internal quotation marks omitted]). The Court thus held that Ms. Brown was required to show "that the absence of safety measures contributed to the happening of the accident by materially increasing the risk, or by greatly increasing the probability of its occurrence" (id. at 1585 [internal quotation marks omitted]).
We have never required accident victims to identify a specific remedy and prove it would have been timely implemented and prevented the accident. In Turturro, for example, a 12-year-old plaintiff was struck by a speeding car while he attempted to ride his bicycle across a four-lane road as to which the City had received numerous complaints of excessive speed (28 NY3d at 485). There, the plaintiff was not required to show that traffic calming measures—much less any specific traffic calming measure adopted at a specific time—would have avoided the accident. The relevant inquiry was whether the "City's failure to conduct a traffic calming study and to implement traffic calming measures was a substantial factor in causing the accident" (id.).
Here, there is record support for the finding that the State's breach was a proximate cause of the accident. It is undisputed that there was a pattern of right-angle accidents at the intersection. It is also undisputed that the State did not complete the traffic study, reduce the speed limit on Route 350, change the design or signage, or take any steps whatsoever to attempt to improve safety at the intersection. The other affirmed findings of fact—that the vertical curve created visibility problems; that Mr. Friend stopped and looked both ways; that Mr. Friend was unable to see the motorcycle approaching; that no one was speeding—are beyond our review.
 Once on notice of the dangerous condition, it was the State's burden to take reasonable steps in a reasonable amount of time. Instead, it did nothing. That right-angle collisions would continue to occur absent the adoption of some safety measure is hardly surprising. "[T]he most significant inquiry in the proximate cause analysis is often that of foreseeability" (Hain v Jamison, 28 NY3d 524, 530 [2016]). Where, as here, the risk of harm created by the defendant corresponds to the harm that actually resulted, we cannot say that proximate cause is lacking as a matter of law.{**31 NY3d at 521}
II. Apportionment
[*3]The State argues that some fault should be apportioned to Mr. Friend. First, the State claims that Mr. Friend "failed to see claimant's approaching motorcycle even though he should have seen it in the exercise of reasonable care." Ms. Brown's expert did testify that a driver at the intersection looking south on Route 350 would see the top third of an approaching northbound vehicle—though not specifically a motorcycle—from 897 feet away, and the entire vehicle from 550 feet away. Mr. Friend testified that he was familiar with the intersection, and that the time between when he looked south and when the collision occurred was about 5 to 10 seconds.
 However, those facts do not compel a conclusion that Mr. Friend was negligent as a matter of law. The Court of Claims found that Mr. Friend "carefully entered the intersection after looking both ways, but simply was unable to see the motorcycle operated by [claimant's husband] at any time before the accident occurred." The record contains evidence supporting that conclusion: Mr. Friend's testimony that he stopped at the stop sign and looked both ways but did not see the motorcycle before entering the intersection; the expert testimony that drivers in Mr. Friend's location could not see cross-traffic because of the vertical curve; and the history of right-angle accidents at the intersection.
 The State also claims that Mr. Friend was at fault because he was convicted of failing to yield the right-of-way, in violation of Vehicle and Traffic Law § 1142 (a). Even assuming the conviction is admissible, a Vehicle and Traffic Law violation does not itself establish negligence, when, as the court found here, the driver has exercised reasonable care in an effort to comply with the statute (see Luck v Tellier, 222 AD2d 783, 785 [3d Dept 1995]). There is evidence from which the court could have properly concluded that Mr. Friend used reasonable care, and we cannot disturb that factual determination.
Accordingly, on each appeal, the order of the Appellate Division appealed from and the prior Appellate Division order brought up for review should be affirmed, with costs.
In Brown v State of New York (Claim No. 110037.): Order appealed from and Appellate Division order brought up for review affirmed, with costs.
Opinion by Judge Wilson. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Feinman concur.{**31 NY3d at 522}
In Brown v State of New York (Claim No. 108961.): Order appealed from and Appellate Division order brought up for review affirmed, with costs.
Opinion by Judge Wilson. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Feinman concur.