Yi Di Chen v Falikman (2020 NY Slip Op 04892)





Yi Di Chen v Falikman


2020 NY Slip Op 04892


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-01447
 (Index No. 5690/16)

[*1]Yi Di Chen, et al., appellants, 
v
Michelle M. Falikman, et al., defendants, Azad Rahman, et al., respondents.


Law Offices of Gary S. Park, P.C., Flushing, NY, for appellants.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents Azad Rahman and Paul G. Deleo.
Picciano & Scahill, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondents David Nisanov and Hollywood Beauty Palace, Inc.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for defendants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered December 13, 2018. The order, insofar as appealed from, granted the motion of the defendants Azad Rahman and Paul G. Deleo, and the separate motion of the defendants David Nisanov and Hollywood Beauty Palace, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained as a result of a motor vehicle accident involving other vehicles either owned or operated by the defendants. Thereafter, the defendants Azad Rahman and Paul G. Deleo moved, and the defendants David Nisanov and Hollywood Beauty Palace, Inc. (hereinafter collectively with Rahman and Deleo, the moving defendants), separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted those motions and the plaintiffs appeal. We affirm.
The moving defendants met their prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The moving defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff Yi Di Chen's spine and shoulders, and to the cervical and lumbar regions of the plaintiff Ping Liu's spine and right knee, did not [*2]constitute serious injuries under either the permanent loss of use, permanent consequential limitation of use, or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that, in any event, those alleged injuries were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787). In opposition, the plaintiffs failed to raise a triable issue of fact. To the extent that the bill of particulars alleged the 90/180-day category of serious injury, the plaintiffs have abandoned reliance on that category by failing to address it in their brief on appeal (see Cherry v Longo, 175 AD3d 1481, 1483).
Accordingly, we agree with the Supreme Court's determination granting the moving defendants' motions for summary judgment dismissing the complaint insofar as asserted against each of them.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court