Watkins v Brookdale Univ. Hosp. & Med. Ctr. (2020 NY Slip Op 07246)





Watkins v Brookdale Univ. Hosp. & Med. Ctr.


2020 NY Slip Op 07246


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2019-06286
 (Index No. 513399/15)

[*1]Hakeem Watkins, respondent, 
v
Brookdale University Hospital and Medical Center, appellant.


Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for appellant.
Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated March 28, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On July 1, 2013, the plaintiff, an emergency medical technician, allegedly sustained injuries to his neck and back while transporting a patient on a stretcher from the rear of an ambulance to an emergency loading dock at the defendant hospital. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging that he was caused to sustain injuries because the emergency loading dock was negligently designed with a "significant height differential between incoming ambulances and the bay area surface." Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order dated March 28, 2019, the Supreme Court denied the motion. The defendant appeals.
Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). In order to succeed on a motion for summary judgment dismissing the complaint in a premises liability case, the defendant property owner generally must establish, prima facie, that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Croshier v New Horizons Resources, Inc., 185 AD3d 780, 781). A defendant in a premises liability case can also establish its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff cannot identify the cause of his or her accident (see Bishop v Pennsylvania Ave. Mgt., LLC, 183 AD3d 685, 686). "However, even in the absence of direct evidence of causation, that the existence of a defective or dangerous condition was the proximate cause of an accident may be logically inferred based on facts and circumstantial evidence" (Rivera v Waterview Towers, Inc., 181 AD3d 844, 846).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Matadin v Bank of Am. Corp., 163 AD3d 799, 800; Stukas v Streiter, 83 AD3d [*2]18, 22), the defendant failed to establish, prima facie, that the plaintiff was unable to identify the cause of his injuries. The evidence submitted by the defendant, including the transcript of the plaintiff's deposition testimony, raised a triable issue of fact as to whether the plaintiff sustained injuries while lifting the patient's stretcher from the ambulance to the loading dock due to the height differential between the loading dock and the surface where the ambulance was parked (see Croshier v New Horizons Resources, Inc., 185 AD3d at 781; Bishop v Pennsylvania Ave. Mgt., LLC, 183 AD3d at 687). The defendant also failed to establish, prima facie, the absence of a dangerous condition in violation of, inter alia, various provisions of the Industrial Code, or that such condition did not cause the plaintiff's alleged injuries (see Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d 966, 967).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court