Aliasgarian v State of New York (2021 NY Slip Op 06489)





Aliasgarian v State of New York


2021 NY Slip Op 06489


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


761 CA 20-01626

[*1]ANAHITA ALIASGARIAN, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 126890.) (APPEAL NO. 2.) 






LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Court of Claims (J. David Sampson, J.), entered October 28, 2019. The judgment dismissed the claim. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action seeking damages for injuries that she sustained when she was struck from behind by a bicycle. The accident occurred in the Town of Amherst at approximately 10:00 p.m. as claimant was walking on a sidewalk along a road that passes under I-290. Claimant asserted causes of action for negligence and public nuisance, based on allegations that the dark and unlit underpass constituted a dangerous condition. During a nonjury trial, the Court of Claims granted the motion of defendant, State of New York (State), for a directed verdict. Claimant now appeals from a judgment dismissing the claim, and we affirm.
Contrary to claimant's contention, the court did not err in granting the State's motion. " 'It is well settled that a directed verdict is appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' " (Bolin v Goodman, 160 AD3d 1350, 1351 [4th Dept 2018] [internal quotation marks omitted]). Initially, we agree with claimant that the State is not entitled to qualified immunity because, in view of the New York State Department of Transportation's Policy on Highway Lighting, which was admitted into evidence, there is a rational process by which the trier of fact could find that there was "no reasonable basis" for the State's decision to not install lighting in the underpass (Friedman v State of New York, 67 NY2d 271, 284 [1986]; see generally Bolin, 160 AD3d at 1351).
We nevertheless conclude, however, that the State is entitled to dismissal of the claim under the ordinary rules of negligence, which are applicable in the absence of a qualified immunity defense (see Brown v State of New York, 31 NY3d 514, 519 [2018]; Turturro v City of New York, 28 NY3d 469, 479 [2016]). It is well established that, under the ordinary rules of negligence, the State breaches its nondelegable duty to keep its roadways reasonably safe " 'when [it] is made aware of a dangerous highway condition and does not take action to remedy it' " (Brown, 31 NY3d at 519, quoting Friedman, 67 NY2d at 283). Such a breach "proximately causes harm if it is a substantial factor in the [claimant's] injury" (id.). Here, the trial record is devoid of evidence that the State had actual or constructive notice of the allegedly dangerous condition. Likewise, there is no evidence in the trial record regarding how the accident occurred or whether the lighting conditions in the underpass were a substantial factor in the accident and thus were a proximate cause of claimant's injuries (see generally Brown, 31 NY3d at 519). We therefore conclude that there is no rational process by which the factfinder could base a finding in [*2]favor of claimant with respect to her negligence cause of action, and thus the court did not err in granting the motion with respect to that cause of action. We further conclude that the court did not err in granting the State's motion with respect to the public nuisance cause of action inasmuch as the public nuisance cause of action was premised upon the State's alleged negligence, which claimant failed to establish (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569 [1977], rearg denied 42 NY2d 1102 [1977]).
Finally, contrary to the further contention of claimant, the court did not abuse its discretion by refusing to admit in evidence certain photographs that purportedly showed the lighting conditions in the underpass on the night of the accident, inasmuch as claimant's testimony was equivocal with respect to whether the photographs fairly and accurately represented the condition of the underpass (see McGruder v Gray, 265 AD2d 822, 822 [4th Dept 1999]; cf. Loundsbury v Yeomans, 139 AD3d 1230, 1232 [3d Dept 2016]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court