Chowdhury v Phillips (2022 NY Slip Op 03067)

Chowdhury v Phillips

2022 NY Slip Op 03067

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Webber, J.P., Singh, Moulton, Kennedy, Rodriguez, JJ. 

Index No. 105336/96 Appeal No. 15904 Case No. 2021-01194 

[*1]Jasmine Chowdhury, as Administratrix ofthe Estate of Zamal A. Chowdhury,Deceased, et al., Plaintiffs-Respondents,
v
William E. Phillips, Defendant, The City of New York et al., Defendants-Appellants.

Georgia M. Pestana, Corporation Counsel, New York (Amy McCamphill of counsel), for appellants.
Gentile & Associates, New York (Laura Gentile of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered January 7, 2021, which, to the extent appealed from as limited by the briefs, denied defendants City of New York and New York City Department of Transportation's (defendants) motion for summary judgment dismissing the negligent roadway maintenance and design claims, unanimously modified, on the law, to grant the motion as to the maintenance claim, and otherwise affirmed, without costs.
In support of dismissing the negligent roadway maintenance claim insofar as it is based on the presence of potholes on the Harlem River Drive, defendants established prima facie that, while the record is replete with evidence of such potholes, there is no evidence that the decedent actually struck a pothole, causing one of his tires to blow out (see e.g. Merrill v City of New York, 172 AD3d 483, 484 [1st Dept 2019]; see also Siegel v City of New York, 86 AD3d 452, 454 [1st Dept 2011]). Insofar as the claim is based on inadequate streetlighting, defendants established prima facie that they did not have prior written notice of any mal- or non-functioning streetlights in the area of the accident (see Warshak v City of New York, 200 AD3d 548, 549 [1st Dept 2021]; Adamson v City of New York, 104 AD3d 533 [1st Dept 2013]). In opposition, plaintiff failed to raise an issue of fact as to the existence of a dangerous condition at the accident location (see Silvestri v Village of Bronxville, 106 AD3d 901, 902 [2d Dept 2013], lv denied 21 NY3d 865 [2013]).
However, defendants did not meet their prima facie burden with respect to plaintiff's negligent roadway design claim. Defendants failed to establish that they were unaware of dangerous highway conditions on the northbound Harlem River Drive where the decedent's accident occurred (see Brown v State of New York, 31 NY3d 514, 519 [2018]) (roughly parallel to, or within a few blocks to the north of, 168th Street), or that the previous accidents in that area of the Drive disclosed by the record were not of a similar nature to the decedent's accident, or that the causes of those accidents were not similar to the alleged design-related cause(s) of the decedent's accident (see Chunhye Kang-Kim v City of New York, 29 AD3d 57, 60-61 [1st Dept 2006]).
We have previously acknowledged "the City's negligent failure to provide turnouts or other places of refuge for disabled cars on the Harlem River Drive above 164th Street" (Toyos v City of New York, 304 AD2d 319, 319 [1st Dept 2003]; see also Toyos v City of New York, 54 AD3d 628, 629 [1st Dept 2008]). In Toyos (304 AD2d 319), we recognized that, in or about 1983, "the City had received a study recommending that shoulders be added to this section of the Harlem River Drive, and even the City's engineer admitted that the absence of a shoulder or other place of refuge created an unsafe traffic condition" (id.). In addition to that study, and the motor vehicle accident underlying the Toyos cases, the record in this case [*2]discloses that at least 11 more motor vehicle accidents occurred on the Harlem River Drive between 165th and 183rd Streets between October 1990 and September 1993 that were "related to disabled vehicles in the travel lanes that could be directly attributed to the Drive's lack of shoulders." The record also reveals that, since the accident underlying the Toyos cases, the City has justified its inaction by minimizing the significance of pertinent accident data, suggesting that the safety benefit of adding shoulders or turnouts to the Harlem River Drive would be outweighed by the onerousness of the undertaking, and estimating a multimillion-dollar cost of the endeavor. A municipality breaches its "nondelegable duty to keep its roads reasonably safe . . . when [it] is made aware of a dangerous highway condition and does not take action to remedy it" (Brown, 31 NY3d at 519 [internal quotation marks omitted).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022