Petronic v City of New York (2022 NY Slip Op 07085)

Petronic v City of New York

2022 NY Slip Op 07085

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-13103
 (Index No. 150188/17)

[*1]Milan Petronic, appellant, 
v
City of New York, et al., respondents, et al., defendant.

Nguyen Leftt, P.C., New York, NY (Stephen D. Chakwin, Jr., of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (MacKenzie Fillow and Jamison Davies of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated November 13, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants City of New York and New York City Department of Transportation which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants City of New York and New York City Department of Transportation which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff allegedly was injured in a traffic accident at the intersection of Bear Street and Atlantic Avenue in Staten Island. Traffic on Bear Street was controlled by a stop sign and there were no traffic controls on Atlantic Avenue. The plaintiff was riding his motorcycle westbound on Atlantic Avenue when he was struck by a vehicle driven by the defendant Joann M. Scala which had proceeded northbound from the stop sign on Bear Street.
The plaintiff commenced this action to recover damages for personal injuries against the City of New York, New York City Department of Transportation (hereinafter together the City defendants), and Scala. As to the City defendants, the plaintiff alleged that the intersection was negligently designed in that the stop sign on Bear Street was placed too far away from the intersection to allow northbound drivers to perform proper lookouts for traffic. In addition, parking was permitted on Atlantic Avenue, obstructing the view of northbound drivers, and there were no traffic controls on Atlantic Avenue or other indications that an intersection was imminent.
The City defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, relying on, among other things, affidavits from City employees stating that searches had revealed no maintenance and repair records or complaints related to the stop sign on Bear Street, and no traffic studies related to the intersection, for the two years preceding the plaintiff's accident. The New York State Department of Transportation advised that there were no other accidents at the intersection in the five years preceding the plaintiff's accident. [*2]The City defendants argued, among other things, that they were entitled to summary judgment based upon qualified immunity and a lack of notice that the intersection was unsafe. The Supreme Court, inter alia, granted that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, determining that the City defendants were entitled to qualified immunity based on the lack of prior accidents or notice of an improper design. The plaintiff appeals.
A municipality owes a nondelegable duty to keep its streets in a reasonably safe condition (see Friedman v State of New York, 67 NY2d 271, 283). However, a municipality "is accorded a qualified immunity from liability arising out of a highway [safety] planning decision" (id. at 283; see Alexander v Eldred, 63 NY2d 460, 465-466; Weiss v Fote, 7 NY2d 579, 585-586; Langer v Xenias, 134 AD3d 906, 907). "The doctrine arises out of the need to place proper limits on intrusions into the planning and decision-making function of a governmental body" (Schuster v McDonald, 263 AD2d 473, 474). To be entitled to qualified immunity, the municipality "must demonstrate 'that the relevant discretionary determination by the governmental body was the result of a deliberative decision-making process'" (Ramirez v State of New York, 143 AD3d 880, 881, quoting Iacone v Passanisi, 133 AD3d 717, 718). "The immunity arises only 'where a duly authorized public planning body has entertained and passed on the very same question of risk as would ordinarily go to the jury'" (Turturro v City of New York, 28 NY3d 469, 480, quoting Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 673 [internal quotation marks omitted]; see Affleck v Buckley, 96 NY2d 553, 557; Rosado v City of New Rochelle, 197 AD3d 582, 583).
The City defendants contend that the lack of prior accidents or notice in the years preceding the plaintiff's accident established that they did not breach their continuing duty to review the traffic plan in the light of its actual operation (see Friedman v State of New York, 67 NY2d at 284). However, the plaintiff does not allege that a subsequently arising condition rendered the intersection unsafe, but that the intersection was unsafe when designed (cf. Turturro v City of New York, 28 NY3d at 482-483). Where an initial highway planning determination was supported by a sufficient basis, the lack of similar accidents may establish that the municipality did not neglect its continuing duty to review the operation of the traffic plan (see Steiner v State of New York, 148 AD3d 854, 854). However, where the initial traffic design is challenged, the municipality must show that there was a reasonable basis for the traffic plan in the first instance (see id. at 854; Mansour-Mohamed v State of New York, 189 AD3d 1016, 1017; Heins v Vanbourgondien, 180
AD3d 1019, 1022; Ramirez v State of New York, 143 AD3d at 881-882). As the City defendants failed to establish that the original design of the subject intersection was based on a deliberative decision-making process which entertained and passed on the very same question of risk that the plaintiff would put to a jury, the City defendants did not sustain their prima facie burden on the issue of qualified immunity (see Warren v Evans, 144 AD3d 901, 902; Iacone v Passanisi, 133 AD3d at 718-719; Mare v City of New York, 112 AD3d 793, 794; Kuhland v City of New York, 81 AD3d 786, 787).
Additionally, the lack of prior similar accidents or notice did not establish the City defendants' prima facie entitlement to judgment as a matter of law under ordinary negligence principles. Since the City defendants created the alleged dangerous condition with their design of the intersection, "the 'usual questions of notice of the condition are irrelevant'" (Alonzo v City of New York, 188 AD3d 1123, 1125, quoting Cook v Rezende, 32 NY2d 596, 599; see Farnham v MIC Wholesale Ltd., 176 AD3d 1605, 1607; Bruce v Edgewater Indus. Park, LLC, 169 AD3d 753, 754-755). Further, the lack of prior similar accidents within the five years preceding the plaintiff's accident did not establish, by itself, that the intersection was reasonably safe. Whether a dangerous or defective condition exists "depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]; see Gallis v 23-21 33 Rd., LLC, 198 AD3d 730, 733; Watkins v Brookdale Univ. Hosp. & Med. Ctr., 189 AD3d 933, 933). A lack of prior accidents "is some evidence that a condition is not dangerous or unsafe" (Jones v Brilar Enters., 184 AD2d 1077, 1078). However, it is only a factor to be considered and does not negate the possibility of negligence (see id. at 1078; [*3]Orlick v Granit Hotel & Country Club, 30 NY2d 246, 249-250; Nyambuu v Whole Foods Mkt. Group, Inc., 191 AD3d 580, 582; Lucia v Pleasant Acres Hotel, 227 AD2d 389, 390; Kelly v Town of Islip, 141 AD2d 611, 612).
The City defendants submitted no expert or other affidavit to establish that the design of the intersection was reasonably safe (see Serrano v Riverbay Corp., 188 AD3d 617, 617; cf. DiMilia v Hogarty, 182 AD3d 578, 580). Further, the deposition testimony of the parties raised issues as to whether a negligent design of the intersection contributed to the plaintiff's accident. Under these circumstances, the City defendants failed to meet their prima facie burden of demonstrating that the intersection had a reasonably safe design (see Orlick v Granit Hotel & Country Club, 30 NY2d at 249-250; Nyambuu v Whole Foods Mkt. Group, Inc., 191 AD3d at 582; Bruno v Port Auth. of N.Y. & N.J., 157 AD3d 444, 444).
We note that the City defendants have abandoned any reliance on the City's prior written notice law (see Administrative Code of the City of NY § 7-201[c][2]) by failing to address it in their brief on appeal (see Debennedetto v Chetrit, 190 AD3d 933, 936; Yi Di Chen v Falikman, 186 AD3d 1295, 1296; see also Hughes v Jahoda, 75 NY2d 881, 882-883; Poveromo v Town of Cortlandt, 127 AD3d 835, 837).
Accordingly, the City defendants failed to meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law, and the Supreme Court should have denied that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court