Lilian C. v State of New York (2023 NY Slip Op 03618)

Lilian C. v State of New York

2023 NY Slip Op 03618

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

440 CA 22-01010

[*1]LILIAN C., INDIVIDUALLY AND AS GUARDIAN OF STEFANIE C., CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 127148.) 

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (STEVEN W. WILLIAMS OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Court of Claims (Ramon E. Rivera, J.), entered June 3, 2022. The order, inter alia, granted the motion of defendant for summary judgment and denied the cross-motion of claimant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the amended claim, and as modified the order is affirmed without costs.
Memorandum: Claimant commenced this action on behalf of herself and her daughter seeking damages for injuries they sustained as passengers in a motor vehicle accident that took place in the City of Syracuse. The accident occurred when the vehicle claimant and her daughter were riding in was heading westbound on Burnet Avenue and collided with a vehicle heading eastbound on Burnet Avenue that had attempted to make a left turn onto South Collingwood Avenue (Collingwood). Claimant alleged that the subject intersection was dangerous because of improper lane alignment and inadequate sight lines for eastbound drivers turning left onto Collingwood due to the number of vehicles heading westbound and turning left onto a ramp to I-690 West. Defendant, State of New York (State), moved, inter alia, for summary judgment dismissing claimant's amended claim, and claimant cross-moved for summary judgment on liability. The Court of Claims, inter alia, granted the motion insofar as it concerned the amended claim and denied the cross-motion.
We agree with claimant that the court erred in granting that part of the State's motion for summary judgment dismissing the amended claim, and we therefore modify the order accordingly. Under the ordinary rules of negligence, the State "has a nondelegable duty to keep its roads reasonably safe . . . , and the State breaches that duty 'when [it] is made aware of a dangerous highway condition and does not take action to remedy it' " (Brown v State of New York, 31 NY3d 514, 519 [2018]; see Aliasgarian v State of New York [appeal No. 2], 199 AD3d 1439, 1440 [4th Dept 2021]). The duty includes the "continuing duty to review [a planned intersection] in light of its actual operation" (Weiss v Fote, 7 NY2d 579, 587 [1960], rearg denied 8 NY2d 934 [1960]). Although the State established that its design of the intersection in 1974 was reasonably safe, claimant raised an issue of fact whether the intersection was reasonably safe at the time of the accident in light of the significant increase in traffic at that intersection over the years for drivers turning left onto the I-690 West ramp (see generally Petronic v City of New York, 211 AD3d 862, 865 [2d Dept 2022]; Lifson v City of Syracuse, 41 AD3d 1292, 1294 [4th Dept 2007]). Claimant submitted the affidavit of her expert, who averred that the significant increase in traffic volume warranted the installation of a left-turn-only lane for eastbound drivers turning left onto Collingwood. Indeed, the expert averred that there was insufficient sight distance for eastbound left-turning vehicles because of the continuous line of [*2]oncoming traffic.
We further conclude that the State failed to establish as a matter of law that it did not have actual or constructive notice of the allegedly dangerous condition. Under the circumstances of this case, the State's submission of the accident history at the intersection did not establish as a matter of law that it did not have notice (see generally Whitaker v Kennedy/Town of Poland, 162 AD3d 1542, 1543 [4th Dept 2018]). The State also submitted an email exchange between representatives of the State and the City of Syracuse three years prior to the accident, wherein a City representative asked whether the left turn onto Collingwood was prohibited, and then asked, "Should it be?," which raised a question of fact whether the State had notice of the allegedly dangerous condition (see generally Gillooly v County of Onondaga, 168 AD2d 921, 922 [4th Dept 1990]). The failure of the State to meet its initial burden with respect to the issue of notice requires denial of the motion to that extent regardless of the sufficiency of claimant's opposing papers (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In light of our determination, we do not address claimant's remaining contentions.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court