Buonincontro v State of New York (2025 NY Slip Op 04540)

Buonincontro v State of New York

2025 NY Slip Op 04540

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-06962

[*1]Vincent Buonincontro, appellant,
v
State of New York, respondent. (Claim No. 131678)

Edelman Krasin & Jaye, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Mark S. Grube and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Maureen T. Liccione, J.), dated April 12, 2023. The order granted the defendant's motion for summary judgment dismissing the claim, denied that branch of the claimant's cross-motion which was for leave to amend a notice of intention to file a claim nunc pro tunc, and denied, as academic, that branch of the claimant's cross-motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the claim is denied, that branch of the claimant's cross-motion which was for leave to amend a notice of intention to file a claim nunc pro tunc is granted, and that branch of the claimant's cross-motion which was for summary judgment on the issue of liability is denied on the merits.
The claim at issue arose out of a motorcycle accident that allegedly occurred on August 16, 2017. The claimant served a notice of intention to file a claim against the State of New York, which was received by the Attorney General on November 2, 2017. The notice of intention to file a claim was not personally verified by the claimant as required by Court of Claims Act § 11(b). On the same day that the notice of intention to file a claim was received by the Attorney General, it was rejected in a letter sent to the claimant's counsel, stating that the State was electing to treat it as a nullity. The claimant then served a properly verified notice of intention to file a claim on the Attorney General, which was received by the Attorney General on November 13, 2017. Although impermissibly served by overnight mail, the State acknowledges that, upon receipt, it had reason to investigate the allegations contained in the properly verified notice of intention to file a claim. On July 5, 2018, the claimant served a verified claim on the Attorney General. The State interposed an answer and asserted several affirmative defenses, including that the defectively verified notice of intention to file a claim was a nullity and that the Court of Claims, therefore, lacked subject matter jurisdiction.
In November 2022, the State moved for summary judgment dismissing the claim on the ground that the Court of Claims lacked subject matter jurisdiction or on the alternative ground [*2]that the claim lacked merit. The claimant cross-moved for leave to amend the defectively verified notice of intention to file a claim nunc pro tunc and for summary judgment on the issue of liability. The court determined that it lacked subject matter jurisdiction due to the defectively verified notice of intention to file a claim and, on that basis, granted the State's motion for summary judgment dismissing the claim. The court also denied that branch of the claimant's cross-motion which was for leave to amend the defectively verified notice of intention to file a claim nunc pro tunc and denied, as academic, that branch of the claimant's cross-motion which was for summary judgment on the issue of liability. The claimant appeals.
"Pursuant to Court of Claims Act § 11(b), a 'notice of intention to file a claim shall be verified in the same manner as a complaint in an action in the supreme court'" (Ordentlich v State of New York, 173 AD3d 885, 886). "The Court of Appeals has held that 'there is no basis for treating an unverified or defectively verified claim or notice of intention any differently than an unverified or defectively verified complaint is treated under the CPLR in Supreme Court'" (id., quoting Lepkowski v State of New York, 1 NY3d 201, 210). CPLR 2001 permits an omission or defect to be corrected, upon such terms as may be just (see Matter of Miller v Board of Assessors, 91 NY2d 82, 87). Here, the Court of Claims improvidently exercised its discretion by failing to allow the claimant leave to amend the defectively verified notice of intention to file a claim, since, under the circumstances, there was no prejudice to the State (see CPLR 2001; Ordentlich v State of New York, 173 AD3d at 886). Accordingly, the court erred in granting the defendant's motion for summary judgment dismissing the claim based on lack of subject matter jurisdiction, and the court should have granted that branch of the claimant's cross-motion which was for leave to amend the defectively verified notice of intention to file a claim nunc pro tunc.
Since the Court of Claims determined that it lacked subject matter jurisdiction due to the defectively verified notice of intention to file a claim, it did not reach the merits of either party's request for summary judgment with respect to the issue of liability because those requests were rendered academic. Since the parties fully briefed the merits of these issues, we address them in the interest of judicial economy (see Yu v New York City Health & Hosps. Corp., 191 AD3d 1040, 1043; Bonafede v Bonito, 145 AD3d 842, 843).
The State has a nondelegable duty to maintain its roadways in a reasonably safe condition, but is not an insurer of the safety of its roads (see Friedman v State of New York, 67 NY2d 271, 283; Mansour-Mohamed v State of New York, 189 AD3d 1016, 1016). "To prove that the State was negligent in the maintenance of its roadway, a claimant must demonstrate the existence of a dangerous condition of which the State was actually or constructively aware and which it failed to take reasonable measures to correct" (W.M. Movers, Inc. v State of New York, 177 AD3d 1021, 1022 [internal quotation marks omitted]; see Rodriguez v State of New York, 166 AD3d 922, 923). "Whether a dangerous or defective condition exists 'depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury'" (Petronic v City of New York, 211 AD3d 862, 865, quoting Trincere v County of Suffolk, 90 NY2d 976, 977; see Gallis v 23-21 33 Rd., LLC, 198 AD3d 730, 733). "To provide constructive notice, 'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it'" (Rubio v State of New York, 168 AD3d 892, 893, quoting Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, material issues of fact precluded summary judgment on the issue of liability in favor of either party. The parties submitted conflicting evidence regarding the size and depth of the pothole that allegedly caused the motorcycle accident (see Jones v State of New York, 124 AD3d 599, 600). Further, although the claimant contends that the State inspected the area by vehicle on a daily basis and thus had constructive notice of the pothole, the evidence failed to establish that the pothole was visible and apparent and existed for a sufficient length of time prior to the accident to permit the State's employees to discover and remedy it (see Rubio v State of New York, 168 AD3d at 892; Fowle v State of New York, 187 AD2d 698). The State concedes on appeal that triable issues of fact exist that preclude an award of summary judgment in its favor on the merits. Accordingly, the Court of Claims should have denied the State's motion for summary judgment dismissing the claim and denied, on the merits, that branch of the claimant's cross-motion which was for summary [*3]judgment on the issue of liability.
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court